Esther Ramirez **RANGEL**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 42155.

Court of Criminal Appeals of Texas.

July 16, 1969.

Rehearing Denied Oct. 15, 1969.

Cutler & Epps, by Ray Epps, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Robert Bennett, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for possession of heroin; the punishment, ten years.

The record reflects that .4 of a gram of heroin was found inside appellant's brassiere. It is contended that the arresting officers did not have a warrant or probable cause to make the arrest, and that the heroin was found as a result of an illegal arrest and search. The arrest was made without a warrant by Officers Collins and Davis of the Narcotics Division of the Houston Police Department. During the trial and at the hearing on the motion to suppress evidence, Officer Collins testified that he had received information from an informer that the appellant, known as "Chubby", was at 76th Street and Navigation Boulevard and had heroin in her possession; that she had already sold some, was about to sell out and would be leaving shortly. Collins believed the information to be true, because the informer had given him information on many previous occasions, and each time the information proved to be true. After telling the officers that appellant possessed the heroin, the informer got out of the car. The officers thought that they did not have time to obtain a warrant. They immediately drove some four or five blocks to 76th and Navigation where they saw appellant, a narcotic addict, talking to another known narcotic addict called "Joker." From the expression on appellant's face, the officers could tell that she recognized them and attempted to go inside the Union Hall. The arrest was made and appellant started to reach inside her brassiere, but Officer Collins prevented her from doing so and told her to keep her hands where he could see them.

The arresting officers did not search appellant, but took her to the police station where a policewoman searched appellant and found three packages of heroin inside her brassiere. Floyd McDonald, a chemist for the Houston Police Department, testified that State's Exhibit No. 1 (the seized packages), contained enough heroin to fill six or seven #5 capsules.

Appellant relies upon Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed. 2d 637. That case is distinguishable because there the search was with a warrant and the statement regarding the informer was:

"[The Federal Bureau of Investigation] has been informed by a confidential reliable informant that William Spinelli is operating a handbook and accepting wagers and disseminating wagering information by means of the telephones (in the apartment) * * *."

The Supreme Court, in Spinelli, noted: "Though the affiant swore that his confidant was 'reliable,' he offered the magistrate no reason in support of this conclusion."

In the case at bar there was a sufficient showing of reliability. The informer had given Officer Collins correct information before.

Appellant cites Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327. It was affirmed. The arrest was made without a warrant. Information was given by the informer that Draper was dealing in narcotics; that he would arrive on a certain train with narcotics. His description was given with particularity.

In the present case the informer stated that appellant was selling narcotics and had some in her possession at that time; there was no need for the informer to describe appellant, because the officers knew her. She was at the exact location that the informer said she would be.

In United States v. Acosta, 411 F.2d 627 (5th Cir. Court of Appeals, May 22, 1969), the court held that neither Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, nor its interpretation as construed in Spinelli detracted from the continued vitality of Draper, and the court stated:

"The instant case is of the Draper type. Here there was only a general description of the defendant but a specific description of the vehicle including the license number. The first tip from the informant was that the heroin would be smuggled but he was not certain as to the delivery point. The next tip, some two or three hours later, confirmed the delivery and the route of travel. This resulted in the agent being on the lookout on a specified route for a vehicle of specific description being driven by a young Mexican male. At the time of interception every fact stated by the informer except the presence of the heroin was verified. The arrest and search followed. This was the precise case in Draper. In addition, here as in Draper, there is ample evidence of the reliability of the informer, the agent having testified as to previous use of the informer and of his reliability in those instances."

The court held this was sufficient to establish probable cause.

■ There was a sufficient showing of probable cause in the present case. The first ground of error is overruled.

■ In the second ground of error it is contended that the trial court erred in refusing to instruct a verdict of not guilty because appellant was an admitted and known addict. Reliance is had upon Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). That case holds that one cannot be punished for the mere status of being a narcotics addict.

The conviction in the present case is for the possession of narcotics. Appellant cites Easter v. District of Columbia, 124 U.S.App.D.C. 33, 361 F.2d 50 (1966), which held that a chronic alcoholic could not be

convicted for being drunk in a public place, because the conduct was a product of the disease of alcoholism.

The Supreme Court of the United States held otherwise in Powell v. Texas, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968). Powell contended that being drunk in a public place was the result of a status or condition. The court overruled this contention and held that the conviction was for being in public while drunk on a particular occasion. Mr. Justice Black, discussing Robinson v. California in his concurring opinion in Powell, stated:

"Other problems raised by status crimes are in no way involved when the State attempts to punish for conduct, * * *."

In the present case the punishment was for conduct. The trial court did not err in refusing to find appellant not guilty.

There being no reversible error, the judgment is affirmed.