**Cruz GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43127.**

Court of Criminal Appeals of Texas.

Oct. 28, 1970.

Rehearing Denied Dec. 9, 1970.

**840**

John W. O'Dowd, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and James A. Moseley, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for the possession of heroin; the punishment was assessed at ten years.

The trial was before the court on a plea of not guilty.

The record reflects that officers found a package of heroin in appellant's pocket.

Appellant contends that the officers did not have probable cause to arrest and search him without a warrant. On the motion to suppress and during the trial the following evidence was introduced.

D. W. Albert, a narcotics officer of the Houston Police Department, testified that at approximately 1:30 in the afternoon on July 26, 1968, he received information from an informant that appellant was living at 1618 Alamo Street and would be leaving there in a short period of time and would have heroin in his possession. The officer had previously received information concerning narcotics from the informant on three occasions, and the information had proved to be true each time. The officer knew appellant, because he had previously arrested him.

After receiving the information Officers Albert, Collins and Chavez went directly to the address. As the officers approached the house, they saw appellant walking across the street. When appellant saw the officers, he turned, ran across the street, entered his house and slammed the door. The officers were in close pursuit and they hit the door and entered the house.

When the officers entered, they saw Olivia Garcia in the front room with a hypodermic syringe in her hand. The officers found a wax paper in appellant's watch pocket which contained a brown powder that looked like heroin. A Marquis Reagent test was made at the house, and it showed the powder contained an opium derivative and was later analyzed and determined to be ".29 grams" of heroin.

We hold that there was sufficient evidence for the trial court to conclude that there was probable cause for the arrest without a warrant and the subsequent search.

The officers had received reliable information from the informant on other occasions, and the officers did not have time to procure a warrant. When appellant saw the officers he ran.

The facts are similar to those in Rangel v. State, Tex.Cr.App., 444 S.W.2d 924, which held there were sufficient facts to show probable cause for the arrest. See Price v. State, Tex.Cr.App., 410 S.W.2d 778. Also, Hernandez v. State, Tex.Cr.App., 435 S.W.2d 520, and Weeks v. State, Tex.Cr.App., 417 S.W.2d 716.

Appellant relies upon Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637. He also cites Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327, which was affirmed. There the arrest was made without a warrant. The informer told the officer that Draper was dealing in narcotics, described him with particularity and stated that he would arrived on a certain train with narcotics.

In the present case the informant told Officer Albert that appellant would be leaving the house with heroin in a short period of time. He was leaving the house as the informer said he would be. There was no need to describe appellant as was done in Draper, because Officer Albert knew appellant because he had arrested him earlier.[1]

In United States v. Acosta, 411 F.2d 627 (5th Cir. 1969), the court held that neither Aguilar nor its interpretation as construed in Spinelli detracted from the continued vitality of Draper.

Some concern was expressed in the argument about the officers entering appellant's home without a warrant.

In Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1965), the police were notified that a robber wearing a light cap and dark jacket had entered a house some five minutes before. They entered the house without a warrant. Hayden was found in a bed feigning sleep. The court held that the entry without a warrant was not invalid and that the clothing found by an officer before he knew the weapon had been found was admissible even though the clothing was mere evidence and had evidential value only.

In the present case the entry was not invalid and the contraband found was admissible.

The judgment is affirmed.

---

1. This was the same appellant as in Garcia v. State, Tex.Cr.App., 459 S.W.2d 838 (No. 43,126, this day decided). At the hearing on the motion to suppress appel-

lant testified that he was convicted for robbery by assault in 1962 and sentenced to serve five years.