Luciano Z. **MOTTU**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44231.

Court of Criminal Appeals of Texas.

Nov. 9, 1971.

Percy Foreman, Houston, (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Vic Driscoll, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for the possession of heroin. A prior conviction for possession of heroin was alleged for purposes of enhancement of punishment under the provisions of Art. 725b, Sec. 23(a), Vernon's Ann.P.C. The jury assessed punishment, ninety-nine years.

The appellant's only ground of error is that there was not probable cause for his warrantless arrest and that the fruits of the search incident thereto were erroneously admitted in evidence.

The appellant relies upon Giacona v. State, 164 Tex.Cr.R. 325, 298 S.W.2d 587; Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L. Ed.2d 637.

What this court recently said in Almendarez v. State, Tex.Cr.App., 460 S.W.2d 921, is applicable to this case:

"It appears that this case is controlled by Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327. Hereford, the Government's informer in the Draper case, did not state the way in which he had obtained his information. He reported, however, that Draper had gone to Chicago the day before by train and that he would return to Denver by train with three ounces of heroin on one of two specified mornings. Hereford described with some particularity the clothes Draper would be wearing upon his return to Denver. The police upon meeting the inbound Denver train on the second morning specified by the informer Hereford saw a man whose dress corresponded precisely to Hereford's detailed description. It was then apparent that Hereford had not been fabricating his report out of the whole cloth and that all but the critical fact with respect to the possession of narcotics had been verified. The search which followed Draper's arrest was upheld.

"The Fifth Circuit Court of Appeals in United States v. Acosta, 411 F.2d 627, held that neither Aguilar nor its explication in Spinelli detracted from the continued vitality of Draper."

Officers of the Houston Police Department, B. W. Halm and Michael Chavez, received a call on their patrol car radio to meet with an informer at 69th and Canal Streets. Receiving the call at approximately 11:45 a. m., the officers immediately proceeded to the address given. There, the officers saw an informant known to them. Officer Chavez stayed in the patrol car. Officer Halm got out of the patrol car and talked to the informant. Halm had known the informant for approximately three years and had received credible and reliable information from the informant which had led to three cases being "made". The informant told Officer Halm that the appellant was at home at 113 Marsden Street. He said the officers might be able to make it over there before the appellant would be leaving. The informant said appellant would be leaving his house shortly; that appellant would have heroin in his possession. The informant described the car appellant would be driving when he left the house as a 1963 brown Buick with license plate number NXP 333, and that there would be a luminous red tape across the bumper. Officer Chavez knew the appellant. The Officers proceeded to the address on Marsden Street and set up a surveillance. Approximately fifteen minutes later, the appellant, who Chavez recognized, came out of the house, got into the car that was exactly as described by the informant. Appellant backed his car into the street and headed North on Marsden Street toward Sherman Street. The officers pulled the patrol car alongside appellant's; motioned him to pull over to the curb, which he did. The cars were more or less parallel. Officer Chavez got out of the patrol car. At the same time that Chavez was walking up to the appellant's car, the appellant got out of his car and as he did so he pitched a brown paper bag on top of the front seat. As appellant walked on by Chavez, Chavez reached over on top of the front seat; picked up the brown package; unwrapped it and found it contained about twenty cellophane papers containing a brownish powder. As Officer Chavez was unwrapping the package containing the cellophane papers, before any word had been spoken, the appellant said to him, "You have got me Mike." The appellant then took the officers into the house where he produced a leather shaving kit from the closet and gave it to the officers. They removed several packages from the shaving kit.

We are unable to distinguish this case from that of Almendarez v. State, supra. See also Garcia v. State, 459 S.W.2d 839 and Rangel v. State, 444 S.W.2d 924. There was probable cause to arrest the

appellant and the search incident thereto was lawful. The fruits of the search were admissible in evidence.

A proper chain of custody of the material taken from the appellant was shown. Floyd McDonald, a chemist and toxicologist, after being qualified as an expert, testified that he had analyzed the substance taken from the appellant and that it was heroin. He testified that the quantity of heroin taken from the appellant would have a sale value of over $22,000.

There being no error, the judgment is affirmed.

Opinion approved by the court.

ODOM, J., not participating.