**Monty Ray JORDAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47406.**

Court of Criminal Appeals of Texas.

Jan. 30, 1974.

Ralph Taite, Dallas (Court appointed on appeal), for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of possession of marihuana. The jury assessed punishment at ten years.

The sufficiency of the evidence is not challenged.

Initially, appellant in two grounds of error contends that the trial court erred in admitting testimony concerning an extraneous offense.

The record reflects that the appellant himself conducted the cross-examination of Officer B. L. Fowler. The complained of testimony is as follows:

"Q.  (By Appellant): Mr. Fowler, have you refreshed your memory on any police report or any written statements?

"A.  (By B. F. Fowler): No, sir, I have not; I have discussed the facts of the case with the District Attorney and I read the testimony of your probation revocation hearing.

" * * *

"Q.  (By Appellant): How many occasions have you used him (confidential informant)?

"A.  (By B. F. Fowler): I had executed a search warrant on another person in Oak Cliff, who was dealing in marijuana, whom you know, and filed a case against this person for possession of marijuana, possession of LSD, possession of dangerous drugs, an associate of yours."

The witness answered responsively to part of the question, but now complains of the unresponsive part on appeal. The appellant did not ask the court for an instruction for the jury to disregard any part of the answer. Absent such a request and a ruling of the court, nothing is presented for review.

In his final ground of error, the appellant alleges that arresting officers lacked sufficient probable cause for his warrantless arrest and search. He argues that the confidential informant's reliability was not sufficiently established and, there-

fore, his arrest without a warrant was invalid. We disagree.

Detective B. F. Fowler of the Dallas Police Department testified that at approximately 4:30–4:45 a. m. on February 10, 1973, he received a call from a confidential informer who said that he was at a truck stop some 70–80 miles from Dallas and that the appellant was enroute to Dallas in a white 1961 Ford Econoline Van and had in his possession a quantity of marihuana. The informer also stated that the appellant would arrive in an hour to an hour and one-half. He also testified that he had received information from this informer in the past and that it had proven to be true. After Detective Fowler testified that the informer was present at the time of the appellant's arrest, the trial court required him to disclose the informer's name who was identified as the appellant's uncle. In fact, the informer had called Detective Fowler around midnight and stated that the appellant had purchased a large quantity of marihuana in Austin and was going to Houston to sell the marihuana and that he did not know for sure if the appellant would then be coming to Dallas. Detective Fowler testified that when he received the second call verifying that the appellant was enroute to Dallas he and Officer H. D. Heald set up surveillance on the highway coming into Dallas from Houston. He further testified that he did not attempt to get a warrant because at that hour of the morning it would have taken at least two hours to obtain such and the appellant was only an hour or an hour and one-half away from Dallas. When he and Officer Heald stopped the van and searched appellant and his passengers, a quantity of loose marihuana was found in the appellant's right coat pocket. No marihuana was found on the other passengers or in the vehicle.

The facts of this case are very similar to those in Rangel v. State, Tex.Cr.App., 444 S.W.2d 924. Rangel, as the appellant has in the instant case, relied on Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. In Rangel, this Court said that the Supreme Court, in Spinelli, noted: "Though the affiant swore that his confidant was 'reliable,' he offered the magistrate no reason in support of this conclusion," then went on to say that the officer in the case at bar stated that he believed the information to be true because the informer had given him information on previous occasions, and each time the information proved to be true. Detective Fowler testified to the same in the present case.

As this Court noted in Rangel, Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327, was affirmed. The arrest was made without a warrant. Information was given by the informer that Draper was dealing in narcotics, that he would arrive on a certain train with narcotics. His description was given with particularity.

In the present case, the informer stated that the appellant was enroute to Dallas with a quantity of marihuana in his possession, named the appellant, described the van in which he was traveling and gave the approximate time of his arrival in Dallas.

In Rangel, we noted that United States v. Acosta, 411 F.2d 627 (5th Cir., 1969), held that neither Aguilar v. Texas, supra, nor the interpretation as discussed in Spinelli detracted from the continued vitality of Draper.

There was a sufficient showing of probable cause in the present case. Rangel v. State, supra. Appellant's last ground of error is overruled.

There being no reversible error shown, the judgment is affirmed.