**John Neil KEEBLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47783.**

Court of Criminal Appeals of Texas.

March 20, 1974.

J. Douglas Tinker, Corpus Christi, for appellant.

Ted Butler, Dist. Atty., Charles Roberts and Stephen P. Allison, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for the possession of narcotic paraphernalia; the punishment, imprisonment for three years. Appellant waived a jury and was tried before the Court on a plea of not guilty.

Appellant contends that the trial court erred in admitting into evidence a syringe and a metal spoon found on appellant's person because they were obtained in an illegal search and seizure. The Court held a pretrial hearing on appellant's motion to suppress these pieces of evidence. At the hearing San Antonio police officers Reina and Trevino testified that they were cruising in plain clothes in an unmarked car on Guadalupe Street in San Antonio. At approximately 10:00 p. m. an unidentified person whom they knew as an informer waved them down and told them he had just overheard two long-haired Anglo males in a dirty, white Volkswagen bus-type van asking drug addicts near the corner of Cibolo and Guadalupe Streets for help in purchasing heroin. The informer claimed to have heard a "transaction being made" and observed the two making a "connection" or purchase of heroin, and then "fixing up" or injecting heroin inside the van. The "L.A. male," the subject making the connection for them, got in the van with its two occupants. Officer Reina testified the informer had given him information concerning narcotics in the past, and the information had proved reliable and had led to arrests. Officer Reina believed the informer to be a credible person. Approximately three minutes after receiving the information, the officers observed a dirty, white Volkswagen bus-type van containing two long-haired Anglo males. They saw the vehicle first as it turned onto Guadalupe at a point some three or four blocks from the corner of Cibolo and Guadalupe Streets, where the informer had last seen the appellant and his companion in the van. The officers followed the vehicle some distance and observed it stop at a service station for gasoline. According to one of the officers the appellant and his companion were "horsing around," "jovial," and "seemed like they were happy." The van was driven from the service station and, as soon as traffic conditions would permit, the officers stopped the vehicle and gave the appellant and the driver a "pat-down" type search. During the search officer Trevino felt "something sharp" in one of the appellant's pockets. He removed from the pocket a white paper bag, which was later found to contain a metal spoon and a syringe. The driver had heavy needle "track" marks on his arm, and officers found recently-made "tracks" on appellant's arms al-

so.[1] The spoon and syringe were admitted into evidence over appellant's objection.

■ The witnessing of one or more felonies at a specified location by a credible informer, and his description of the vehicle and the persons involved, corroborated by the officers' personal observations, constituted probable cause to stop and search appellant and his companion. See Article 14.04, Vernon's Ann.C.C.P.; Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949), reh. denied, 338 U.S. 839, 70 S.Ct. 31, 94 L.Ed. 513; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Mendoza v. State, 492 S.W.2d 489 (Tex.Cr.App.1973); Washington v. State, 492 S.W.2d 473 (Tex.Cr.App.1973); Harris v. State, 486 S.W.2d 88 (Tex.Cr. App.1972); Coyne v. State, 485 S.W.2d 917 (Tex.Cr.App.1972); Almendarez v. State, 460 S.W.2d 921 (Tex.Cr.App.1970), cert. den. 402 U.S. 974, 91 S.Ct. 1663, 29 L.Ed. 2d 139.

In Brown v. State, 481 S.W.2d 106 (Tex. Cr.App.1972), cited by appellant, the arresting officers had no specific knowledge connecting any of the defendants to the robbery for which they were stopped, and the description of the robbers contained no identifiable characteristics which would serve to distinguish them from the general populace. This case is distinguishable from the case at bar, where specific information concerning the subjects, their vehicle, and their location was corroborated by the officers before they stopped appellant and his companion.

Appellant in two grounds of error challenges the sufficiency of the evidence to sustain a conviction. At trial of this cause appellant agreed in open court that the evidence adduced at the pretrial hearing on the Motion to Suppress Evidence could be used during the trial. This consent to stipulations of evidence was never reduced to writing. For this reason, appellant contends, the evidence presented at the pretrial hearing was not before the Court at the trial, citing Article 1.15, V.A.C.C.P. and Rangel v. State, 464 S.W.2d 858 (Tex.Cr. App.1971). We agree. In Rangel v. State, supra, the Court stated:

" . . . [T]he defendant must consent, in writing, to the introduction of testimony by affidavits, written statements of witnesses and other documentary evidence and such consent and evidence must be filed with the papers of the cause. According to Elder v. State, supra, any stipulated testimony must be reduced to writing, consented to by the defendant, and approved by the court prior to the time it is introduced into evidence." [2]

For this reason, as the State concedes in its brief, the Court was not authorized to consider the evidence presented at the pretrial hearing. Article 1.15, supra; Rangel v. State, supra.

■ The Court had other evidence before it, however and the State says this evidence was sufficient to sustain a conviction. There was evidence that the two police officers found a white paper sack on appellant's person after stopping the white Volkswagen van in which appellant was riding on a San Antonio street. The paper sack contained a 1–cc plastic disposable syringe, along with a detachable needle covered by a plastic cap, and a metal spoon. A chemist, testifying as an expert, said the

---

1. The testimony on this point is somewhat in conflict. Officer Reina testified the tracks on appellant's arm were "fresh," although he did not explain what he meant by "fresh." Officer Trevino stated the tracks were "pretty fresh" and "recent," but on cross-examination said he did not think appellant had recently "shot up."

2. Subsequent to the decision in Rangel v. State, supra, and apparently in response to a footnote in that opinion, the Legislature amended Article 1.15 to permit evidence to be stipulated orally. The defendant's *consent* to these stipulations, however, must still be reduced to writing, approved by the Court and filed with the papers of the case. Article 1.15, supra.

syringe and needles could be used to inject a narcotic drug subcutaneously into the human body. A wrapper of the type in which 1–cc plastic syringes are packaged was also recovered. One officer testified at the trial that he saw what appeared to be moisture droplets inside the syringe. While a laboratory report did not show the presence of any drug or narcotic substance in the syringe, analysis of a white residue found on the metal spoon showed the presence of 15.5 milligrams of heroin, which the expert said was a "useable amount" of heroin. We agree with the State that this evidence presented at the trial, even ignoring the inadmissible evidence from the pretrial hearing, is sufficient to sustain a conviction. See and compare Dagley v. State, 394 S.W.2d 179 (Tex.Cr.App.1965), cert. denied, 384 U.S. 945, 86 S.Ct. 1470, 16 L.Ed. 2d 542; Capuchino v. State, 389 S.W.2d 296 (Tex.Cr.App.1965), cert. denied, 386 U.S. 928, 87 S.Ct. 869, 17 L.Ed.2d 800, reh. denied, 386 U.S. 987, 87 S.Ct. 1289, 18 L.Ed. 2d 241. We overrule these two grounds of error.

The judgment is affirmed.

Opinion approved by the Court.