Danny Wayne HULL, Appellant,

v.

The STATE of Texas, Appellee.

No. 48669.

Court of Criminal Appeals of Texas.

June 12, 1974.

---

Ronald Aultman, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Timothy E. Thompson, T. J. Haire, Jr., and William A. Knapp. Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

This appeal is from an order revoking probation.

The conviction on a plea of guilty on August 2, 1971, was for breaking and entering a motor vehicle with the intent to commit theft; the punishment, three (3) years' probation. One of the terms was that appellant not commit any offense against the laws of this State.

The motion to revoke probation alleged that appellant possessed marihuana on June 12, 1972, and after hearing on February 14, 1973, probation was revoked and sentence was pronounced.

In his grounds of error, appellant complains of the admission of the evidence relating to the possession of the marihuana as violative of his rights under the Fourth Amendment to the United States Constitution. Since the complaints are so closely interrelated, they will be discussed together.

Officer Dyson, of the Fort Worth Police Department, testified that on June 12, 1972, he had received a radio communication to investigate a disturbance at 2809 Primrose Street in Fort Worth. Upon going to this address at 9:25 P.M. he was met by Mrs. Joy Kays, who had been at this place on four previous occasions when the officer had been there. No one else was shown to be present at the home in question. Mrs. Kays invited Dyson into the house and showed him in a down-stairs bedroom a brownish green leafy substance which, based upon much experience, he considered to be marihuana. She then took him upstairs to another bedroom where she showed him a gray metal box about which they conversed, but the trial court erroneously did not permit that conversation to be related. See Hutchinson v. State, Tex.Cr.App., 509 S.W.2d 598 (1974); and United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242; Swift v. State, Tex.Cr.App., 509 S.W.2d 586 (1974).[1]

Officer Dyson, upon receiving a radio report from the police dispatcher, then enlisted the aid of Officers Wright, Riley and Wolf, and they parked their two automobiles near the above-mentioned residence, looking for Danny Wayne Hull in a red sixty-one Chevrolet. The red Chevro-

---

[1]. Although hearsay, this evidence was admissible before the court on the issue of probable cause.

let came to 2809 Primrose Street, occupied by three white males, one of whom was appellant. Officer Riley testified that Officer Dyson told him that Danny Wayne Hull, whom he described, had a gray box that had marihuana in it, that he was in a red sixty-one Chevrolet. Riley and Wolf parked near the 2809 Primrose house about 11:00 P.M. After a short time the red Chevrolet pulled up and stopped across the street from the house. Hull got out of the back seat of the car and went into the house and in about five minutes he came out with the gray metal box under his arm, along with some clothing, walking at a fast rate, put the box in the back seat of the car and got in. Riley further testified:

"Q Do you know whether or not the possession of marijuana is a felony in the State of Texas?

"A Yes, sir, it is.

"Q And had the information you received about Danny Wayne Hull having marijuana in that metal box, did you have time from the time you saw him with the box to go get a warrant to arrest him?

"A No, sir, we did not.

"Q What was Danny Wayne Hull in the process of doing when he got in that car?

"A He was moving out, it looked like.

"Q And what did you do after he got in the car? What did the car do after he got into it?

"A Well, he got into the car and pulled in the driveway, backed out and pulled against the curb, directly in front of the house. He got out of the car, went back in the house and cut off some lights and then he come back out and got in his car and drove away.

"Q Then what did you do?

"A At that time we called Officer Dyson, who was sitting down the street, around the corner. He pulled between us and the red Chevrolet and stopped them with their marked police car.

"Q Then what did you do?

"A I got out of the car and walked to the lefthand side of the car and I looked in and there sat the box ---"

Riley looked in the car and saw the gray box and reached in and took it out. It was the same box that appellant had brought out of the house. Officer Wolf obtained the key to the box from appellant, and opened it and found therein two bags of marihuana, three bags of marihuana seed and a radio. The chain of custody of the contraband was properly established and it was proved by a qualified witness to be marihuana.

The officers did not have a search warrant for the house or the automobile, and did not stop the car because of any traffic violations.

Neither Mrs. Kays nor appellant testified, and there was no testimony in the record to show that appellant had any possessory rights or the right to use the Primrose house or any room or rooms thereof. He was not present at the time Office Dyson, at the invitation of Mrs. Kays, saw the marihuana in the room and the gray metal box in another. Hutchinson v. State, supra.

■ Under the facts of this case, the inspection upon invitation made by Officer Dyson was not shown to be an unreasonable search, if a search at all, in violation of the rights of appellant under the Fourth Amendment. Henley v. State, Tex.Cr. App., 387 S.W.2d 877; Gaskin v. State, Tex.Cr.App., 365 S.W.2d 185; Thomas v. State, Tex.Cr.App., 493 S.W.2d 957; Kay v. State, Tex.Cr.App., 489 S.W.2d 861.

■ Since the appellant was not present, Mapp v. Ohio, 367 U.S. 643, 81 S. Ct. 1684, 6 L.Ed.2d 1081, and Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, do not apply.

We hold that the rights of appellant are not shown to have been violated by the entry of Officer Dyson into the house at the invitation of Mrs. Kays, and the "fruit of the poisonous tree" doctrine as announced in Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 2d 441, has no application to the subsequent seizure of the marihuana from appellant in the gray metal box.

Considering the totality of the circumstances, the police officers had probable cause to seize the marihuana found in the gray metal box. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed. 2d 327.

The rule applying here is well stated in Sanders v. State, Tex.Cr.App., 482 S.W.2d 648, cert. denied, 409 U.S. 884, 93 S.Ct. 176, 34 L.Ed.2d 140, where it is said:

"Under the 'common-sense teachings' of United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Spinelli v. United States, *supra,* [393 U. S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637], and United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), we conclude that probable cause for the warrantless search of the automobile existed. The facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a man of reasonable caution to believe that the automobile contained marihuana. The search of the automobile was not unreasonable. The constitutional rights of the appellants were not violated by the search. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925) and Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). See and compare Kwant v. State, 472 S.W.2d 781 (Tex.Cr.App. 1971); Mottu v. State, 472 S.W.2d 522 (Tex.Cr.App. 1971); Muggley v. State, 473 S.W.2d 470 (Tex.

Cr.App. 1971); Weeks v. State, 417 S. W.2d 716 (Tex.Cr.App. 1967), cert. denied 389 U.S. 996, 88 S.Ct. 500, 19 L.Ed. 2d 494 (1967)."

The trial court did not abuse his discretion in revoking probation.

The judgment is affirmed.

Opinion approved by the Court.