Finis Weldon HOOPER, Appellant,

v.

The STATE of Texas, Appellee.

No. 49988.

Court of Criminal Appeals of Texas.

Sept. 17, 1975.

On Rehearing Feb. 18, 1976.

Rehearing Denied March 17, 1976.

Malcolm R. Sanders, Beaumont, for appellant.

Tom Hanna, Dist. Atty., and Lawrence E. Thorne, III, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for possession of obscene material with intent to distribute. The information alleged the offense occurred on May 28, 1973. Appellant was tried under old Penal Code Art. 527 in April, 1974, and punishment was assessed by the jury at a fine of $1,690.00.

The sufficiency of the evidence is not challenged, and the record reflects that a stipulation was entered into between appellant and the State that the films in question were obscene.

Appellant urges the court erred in admitting into evidence alleged obscene films that were illegally obtained from an unreasonable search and seizure.

The pertinent portion of the search warrant under which the films were seized recited that affiant was keeping "obscene motion picture film" in a certain described pickup with camper, and reads as follows:

"AFFIANT HAS PROBABLE CAUSE FOR SAID BELIEF BY REASON OF THE FOLLOWING FACTS, TO-WIT: On this date during the past twelve hours I was notified by an informant whose identity must remain undisclosed for safety and security reasons, called me and stated that a white male in his sixty's wearing a yellow shirt and yellow pants with grey receding hair, was in the downtown area trying to sell some obscene movies. I went downtown and found the subject getting into the above described pickup. I went back to my police unit and put out an attempt to locate on the truck. A uniform unit stopped the truck on Pt. Arthur Road for defective brake lights. Subject gave San Antonio address and was very nervous. He was brought to the police station and booked on the traffic charge. He had a notebook in his pocket and he tore some pages out and tried to eat them. The pages in the notebook discussed book stores, movie theatres and arcades and had some phone numbers. Checked the wanted file and found out he was wanted in Houston Texas for Pornography violation. He had a ring of keys in his possession when he was arrested but he managed to get rid of them on the way to the station. He has a metal box in the back of his truck with 2 huge locks on it and he refused us permission to look in the box. While inventorying his truck, a roll of 16 mm film was in the box. While inventorying his truck, a roll of 16 mm film was found in a silver canister in the camper of his truck. I have reason to believe my informant because during the past two months, my informant has given me information on several occasions and on two of offenses reported, arrests were made and contraband was seized. I personally observed the above described subject in the same area as the Cinema X Theatre and The Action Theatre."

The two-prong test set forth in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), requires:

"The magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed . . . was credible or his information reliable."

Looking to the affidavit, as we must, in determining the reliability of the informer, we note the affiant recites ". . . during the past two months, my informant has given me information on several occasions and on two of offenses reported, arrests were made and contraband was seized." We find that the affidavit furnishes sufficient underlying circumstances from which the magistrate could conclude that the informer's information was reliable. *Williams v. State*, Tex.Cr.App., 476 S.W.2d 300; *Heredia v. State*, Tex.Cr.App., 468 S.W.2d 833 (rev'd. on other grounds); *Hegdal v. State*, Tex.Cr.App., 488 S.W.2d 782.

In determining if the magistrate was informed of underlying circumstances from which the informant concluded that appellant was selling obscene films, we note, as appellant points out, that no statement is made that informant saw obscene films in appellant's pickup or that he heard appellant offer to sell such films. It is readily apparent, however, that the affidavit is not based solely on the hearsay statements of the informer, but contains assertions within affiant's knowledge which lend credence to otherwise unsupported conclusions and apprise the magistrate that the informer's story was not entirely out of the whole cloth. *Gaston v. State*, Tex.Cr.App., 440 S.W.2d 297; *Williams v. State*, supra. We find it unnecessary to recount all of the information within affiant's knowledge recited in the affidavit, but note that it is extensive and detailed and sufficiently supports the informer's conclusion that appellant possessed obscene films. We conclude that the search warrant was based on an affidavit which reflected probable cause for issuance of same.

While the films which were made the basis of the prosecution were seized in a search of a locked metal box in appellant's vehicle pursuant to a search warrant, appellant complains of his warrantless arrest and search of his person. Appellant also urges that testimony of officers relative to what they saw in his pickup when they removed a dog therefrom prior to the issuance of the search warrant was inadmissible.

The record reflects appellant was arrested for driving a vehicle with a defective brake light. See Art. 6701d, Sec. 124, V.A.C.S. The officer who stopped appellant was authorized to arrest him without warrant. Article 6701d, Sec. 153, V.A.C.S. Incident to the arrest for the traffic violation, the officer was authorized to search appellant's person. *Merriweather v. State*, Tex. Cr.App., 501 S.W.2d 887; *Wallace v. State*, Tex.Cr.App., 467 S.W.2d 608. A further search was conducted at the police station in which appellant was required to remove his socks and shoes. After appellant was arrested and prior to the search at the police station, the record reflects that appellant attempted to hide a ring of keys on his person and tore pages from a notebook in his possession and tried to eat them. The pages torn from the notebook contained information about "arcades, adult movies, theaters, addresses and such as that at various places throughout the state." A ring of keys was found in one of appellant's socks. We find that the officers' search of appellant at the police station was justified in light of appellant's actions following the initial arrest and search. The officers had a right to search appellant for weapons and items which might be used to effect escape from custody. See *Merriweather v. State*, supra; *U. S. v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427.

The officers noted that appellant had a dog in the camper portion of his truck. When they entered the camper to remove

the dog, they saw a roll of 16 millimeter film. According to Officer Waggoner, "the film was laying there where you could see down into the box without lifting the flap." A stipulation was entered at trial that this film was not obscene. The officers acted properly in entering the camper section of the pickup to remove the dog. See *Corbett v. State*, Tex.Cr.App., 493 S.W.2d 940. The officers, having made a lawful entry of the camper, could testify relative to anything they observed that was in plain view. *Jackson v. State*, Tex.Cr.App., 489 S.W.2d 565; *Alberti v. State*, Tex.Cr.App., 495 S.W.2d 236. It was after the entry of the camper to remove the dog that the officers went before a magistrate and obtained the search warrant which resulted in the search of the locked box observed in the camper. As a result of this search, the films forming the basis of this prosecution were seized.

Appellant's contention that Art. 527, V.A.P.C., in effect on the date in question, is unconstitutional in light of *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419, was answered adversely to appellant in *West v. State*, Tex.Cr.App., 514 S.W.2d 433.

Appellant urges several contentions which concern the overruling of appellant's objections to the court's charge.

Appellant advised the court that the motion he had filed for instructed verdict would constitute his objections to the court's charge, and appellant was allowed to reurge the grounds asserted therein. Other than a claim that Art. 527, V.A.P.C. was unconstitutional, the objections were directed to the lawfulness of his arrest, search and seizure. Appellant's objections contained therein have already been discussed and decided adversely to him.

Appellant complains of the issuance of the search warrant under which the films were seized without an adversary hearing before a magistrate.

The films in question were not being exhibited in a theater but were seized in a search of appellant's camper after appellant was arrested. No contention is advanced that appellant was prohibited from showing the films, nor is it urged that appellant was denied a post-seizure adversary hearing in accordance with Sec. 8 of Art. 527, V.A.P.C. See *West v. State*, supra; *Bryers v. State*, Tex.Cr.App., 480 S.W.2d 712. No error is shown.

Lastly, appellant urges the court erred in allowing the introduction into evidence of the affidavit and search warrant over objection that same contained hearsay statements.

The recitals in a search warrant are hearsay and are not admissible for any purpose. *Figueroa v. State*, Tex.Cr.App., 473 S.W.2d 202 (see numerous cases cited therein).

Most of the recitals contained in the affidavit are statements of personal knowledge of the officer-affiant Waggoner. Officer Waggoner testified at trial, and the record reflects that the information set forth in the affidavit and warrant was either elicited by appellant or was introduced without objection except the statement of the informer that appellant was trying to sell obscene movies.

Robert C. Click testified that on the date in question he was operating the Action Theater in Beaumont, which showed hardcore pornographic films. On said date of May 28, 1973, appellant tried to sell him films of the "type I was running." Appellant stipulated that the films seized were obscene. The record reflects 122 films of 8 MM color film, 5 small spools of 16 MM film, and 11 large spools of 16 MM film were recovered in the search of appellant's van.

The evidence of appellant's guilt was not only overwhelming, but undisputed. The only evidence offered by appellant related to the legality of the search and seizure. Under the circumstances, we find the error in admitting the affidavit and search warrant into evidence was harmless. *Clay v. State*, Tex.Cr.App., 518 S.W.2d 550; *Holcomb v. State*, Tex.Cr.App., 484 S.W.2d 929.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.

ROBERTS, J., concurs in results.

ONION, P. J., and ODOM, J., dissent.

OPINION

ON APPELLANT'S MOTION
FOR REHEARING

ROBERTS, Judge.

Appellant's conviction for possession of obscene material with intent to distribute was affirmed by this Court. This writer concurred in the result and Onion, P. J., and Odom, J., dissented without opinion. We granted appellant's motion for rehearing in order to examine more closely the search question involved in this case.

The film which was the subject of this prosecution was seized pursuant to a search warrant. The affidavit supporting the search warrant sets out most of the relevant facts and reads as follows:

"AFFIANT HAS PROBABLE CAUSE FOR SAID BELIEF BY REASON OF THE FOLLOWING FACTS, TO–WIT: On this date during the past twelve hours I was notified by an informant whose identity must remain undisclosed for safety and security reasons, called me and stated that a white male in his sixty's wearing a yellow shirt and yellow pants with grey receding hair, was in the downtown area trying to sell some obscene movies. I went downtown and found the subject getting into the above described pickup. I went back to my police unit and put out an attempt to locate on the truck. A uniform unit stopped the truck on Pt. Arthur Road for defective brake lights. Subject gave San Antonio address and was very nervous. He was brought to the police station and booked on the traffic charge. He had a notebook in his pocket and he tore some pages out and tried to eat them. The pages in the notebook discussed book stores, movie theatres and arcades and had some phone numbers. Checked the wanted file and found ‚out he was wanted in Houston, Texas for Pornography violation. He had a ring of keys in his possession when he was arrested but he managed to get rid of them on the way to the station. He has a metal box in the back of his truck with 2 huge locks on it and he refused us permission to look in the box. While inventorying his truck, a roll of 16 mm film was in the box. While inventorying his truck, a roll of 16 mm film was found in a silver canister in the camper of his truck. I have reason to believe my informant because during the past two months, my informant has given me information on several occasions and on two of offenses reported, arrests were made and contraband was seized. I personally observed the above described subject in the same area as the Cinema X Theatre and The Action Theatre."

The sufficiency of this affidavit under *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) was upheld in our per curiam opinion and is not under discussion here.[1] Rather, it is the legality of appellant's arrest and search on the brake lights offense which is the subject of this opinion.

The record reveals that the search of appellant's person pursuant to that arrest produced notebook pages discussing book stores and movie theatres and a ring of keys hidden in appellant's sock. Entry of the camper on the back of his pickup for the purpose of removing a dog revealed a roll of 16 mm film in a silver canister. As the affidavit indicates, these factors, coupled with the informant's tip, were needed to establish probable cause for the issuance of the warrant. It is therefore necessary to establish the validity of the arrest and search on the brake lights charge in order to uphold the search warrant here.

1. In that opinion, it was agreed that the informant's tip plus the affiant's cursory observations downtown did not constitute sufficient probable cause for appellant's arrest.

It is well established that a thorough search of the person is justified if incident to a lawful custodial arrest. *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Wallace v. State*, 467 S.W.2d 608 (Tex.Cr.App.1971). We need not decide if a custodial arrest was justified for this minor traffic violation, cf. Art. 6701d, Secs. 147, 148, and 153; *Taylor v. State*, 421 S.W.2d 403 (Tex.Cr.App.1968), or if a custodial arrest violated due process or equal protection of the laws in this instance, cf. *Gustafson v. Florida*, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973) (concurring opinion of Stewart, J.), or if the search following the arrest was reasonable in its scope, cf. *Preston v. United States*, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964); *Amador-Gonzalez v. United States*, 391 F.2d 308 (5th Cir. 1968).

At the outset we are confronted with what appears to be a pretext arrest. A search incident to a pretext arrest is invalid. *United States v. Lefkowitz*, 285 U.S. 452, 467, 52 S.Ct. 420, 424, 76 L.Ed. 877 (1932); *Amador-Gonzalez v. United States*, supra; *Pruitt v. State*, 389 S.W.2d 475 (Tex. Cr.App.1965), overruled on other grounds in *Onofre v. State*, 474 S.W.2d 699 (Tex.Cr. App.1972); *Adair v. State*, 427 S.W.2d 67 (Tex.Cr.App.1967) (dissenting opinions of Onion, J., and Morrison, J., and cases cited therein); *Talbert v. State*, 489 S.W.2d 309 (Tex.Cr.App. 1973); *Hall v. State*, 488 S.W.2d 788 (Tex.Cr.App.1973).

The only evidence in the record that appellant's brake lights were defective were the hearsay statements of Detective Waggoner that appellant was stopped for that reason and booked on that charge. Waggoner's subsequent affidavit in support of the search warrant also made this allegation. However, the city attorney later dismissed charges on the traffic offense and a mechanic testified that the brake lights were not defective when he examined them the next day. The arresting officer, Detective Holt, did not testify, but he must have been aware of Waggoner's "attempt to locate" radio bulletin prior to appellant's arrest.[2]

The State has the burden of proving the legality of a warrantless arrest or search. *Coolidge v. New Hampshire*, 403 U.S. 443, 455, 91 S.Ct. 2022, 2032, 29 L.Ed.2d 564 (1971); *Washington v. State*, 518 S.W.2d 240 (Tex.Cr.App.1975). As in *Farr v. State*, 519 S.W.2d 876 (Tex.Cr.App.1975), the State here failed to put on the one witness who could provide the testimony needed to discharge its burden. See also *Paprskar v. State*, 484 S.W.2d 731 (Tex.Cr. App.1972). Appellant has made out a prima facie case of pretext arrest, and the only evidence refuting it is the hearsay testimony of Waggoner, which has no probative value at all. *Lumpkin v. State*, 524 S.W.2d 302 (Tex.Cr.App.1975). The conclusion is inescapable that appellant was arrested for the sole purpose of obtaining evidence to corroborate Waggoner's anonymous informant. "An arrest may not be used as a pretext to search for evidence." *United States v. Lefkowitz*, supra 285 U.S. at 467 and, 52 S.Ct. at 424.

Since the facts necessary to support the warrant were discovered as the result of a pretext arrest, the warrant should not have issued and the obscene film supporting appellant's conviction could not have been used. It follows that appellant's conviction cannot stand.

The motion for rehearing is granted, the affirmance is set aside and the judgment is reversed and the cause remanded.

MORRISON, Judge (dissenting).

I do not agree with footnote one in the majority opinion, and, eventually, this leads to a disagreement as to the disposition of this case. As I view the affidavit, the portions noted below were sufficient to au-

---

**2.** Such a bulletin afforded no probable cause for appellant's arrest. *Whiteley v. Warden*, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971).

thorize a search without a warrant.[1] The informant's personal knowledge that the appellant was trying to sell obscene movies together with the showing of his reliability and the officer's surveillance of appellant were sufficient probable cause to authorize the arrest and search of the vehicle.

I do not agree with that portion of the majority opinion which concludes that the information received by the officer after the arrest was needed to establish probable cause for the issuance of the warrant. I therefore do not conclude as does the majority that the facts necessary to uphold the warrant were discovered as the result of the arrest.

Thus, *Amador-Gonzalez v. United States*, 391 F.2d 308 (5th Cir. 1968) and *Pruitt v. State*, Tex.Cr.App., 389 S.W.2d 475, have no application to the case at bar because in neither case was there prior information that any law had been violated.[2]

I do not agree that this is a pretext arrest.

I respectfully dissent to the reversal of this conviction.

DOUGLAS, Judge (dissenting).

The original opinion in this cause, prepared by Commissioner Davis, is correct.

Probable cause was stated in the affidavit for the search warrant. The majority does not discuss why it holds that such an arrest is based on a false pretext. This is apparently so because there is no evidence to support such a holding. The writer has always been under the impression that the appellate courts should not act as the fact finder instead of the jury or the trial judge. The trial judge had sufficient evidence before him to conclude that the officers had the right to arrest appellant for operating a motor vehicle with defective brake lights. But now a majority of this Court would be the trier of this fact, unseating the trial judge, and hold that the officers are not worthy of belief. The dismissal of the traffic cause does not add or detract anything from the right to arrest. When there is enough evidence to convict for a felony offense, why should the State waste the time and expense in prosecuting one for a misdemeanor traffic offense? The right to arrest is determined from the facts as they exist at the time of the apprehension, not at the time the prosecutors decide to prosecute or dismiss a case. There was sufficient probable cause for the arrest of the appellant and the search of the camper. The officers had been informed by a reliable informer that appellant was selling or attempting to sell obscene films. When they arrested him they saw him tear pages out of a notebook and try to eat them. The pages that he tore out had addresses of arcades, adult movie houses and theaters throughout the State. The information provided by the informer was borne out by this evidence. *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327, is in point.

In the instant case the informant gave Officer Waggoner a detailed description of appellant as well as his location. Each detail of the tip was corroborated by Officer Waggoner. Thus, this case is controlled by

1. "AFFIANT HAS PROBABLE CAUSE FOR SAID BELIEF BY REASON OF THE FOLLOWING FACTS, TO-WIT: On this date during the past twelve hours I was notified by an informant whose identity must remain undisclosed for safety and security reasons, called me and stated that a white male in his sixty's wearing a yellow shirt and yellow pants with gray receding hair, was in the downtown area trying to sell some obscene movies. I went downtown and found the subject getting into the above described pickup . . .

I have reason to believe my informant because during the past two months, my informant has given me information on several occasions and on two of offenses reported, arrests were made and contraband was seized. I personally observed the above described subject in the same area as the Cinema X Theatre and The Action Theatre."

2. The purpose of the search in this case was clearly to discover the contraband, the possession of which is a crime. See *Adair v. State*, Tex.Cr.App., 427 S.W.2d 67, 68, Dissenting Opinion, Judge Onion, Footnote 1.

*Draper v. United States*, supra, and the cases that have followed it.[1]

In *United States v. Nieto*, 510 F.2d 1118 (5th Cir. 1975), the Fifth Circuit Court wrote:

". . . Information from a reliable informant that is corroborated by other matters within the participating officer's knowledge can constitute sufficient probable cause to justify an arrest or search. *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); *United States v. Summerville*, 477 F.2d 393 (5th Cir. 1973). And this court has also held that 'probable cause . . . can rest upon the collective knowledge of the police, rather than solely on that of the officer who actually makes the arrest,' when there is 'some degree of communication between the two.' *Moreno-Vallejo v. United States*, 414 F.2d 901, 904 (5th Cir. 1969), cert. denied, 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed.2d 76 (1970)."

An officer testified that appellant was under arrest for a traffic violation and for investigation for possession of obscene literature at the time. Appellant's counsel stated: "We will agree that he was under arrest for a traffic violation." Officers further related that appellant had a German Shepherd dog in the camper and that they had to unlock it to take the dog out so they could take it to the dog pound. When the officers opened the camper they could see the films.

From the above it can be seen that the officers had a right to arrest appellant for a traffic violation. When they opened the camper they could see films. They had probable cause even without a warrant to search.

The majority relies upon a case by the Supreme Court of the United States to reverse this conviction. The same majority relied upon *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, to reverse the case of *White v. State*, 521 S.W.2d 255 (Tex.Cr.App.1975). Later the Supreme Court held that *Chambers v. Maroney* authorized the search, contrary to the holding by the majority of this Court in *White*.

There is no reason to go further than the Supreme Court of the United States and reverse convictions on the grounds of illegal searches. See the dissenting opinions in the appeal to this Court in *White v. State*, supra.

The judgment should be affirmed.

1. *Rangel v. State*, 444 S.W.2d 924 (Tex.Cr. App.1969); *Almendarez v. State*, 460 S.W.2d 921 (Tex.Cr.App.1970); *Garcia v. State*, 459 S.W.2d 839 (Tex.Cr.App.1970); *Lucky v. State*, 471 S.W.2d 81 (Tex.Cr.App. 1971); *Mottu v. State*, 472 S.W.2d 522 (Tex. Cr.App.1971); *Harris v. State*, 486 S.W.2d 88 (Tex.Cr.App.1972); *Dickhaut v. State*, 493 S.W.2d 223 (Tex.Cr.App.1973); *Jordan v. State*, 504 S.W.2d 490 (Tex.Cr.App.1974); *Houston v. State*, 506 S.W.2d 907 (Tex.Cr. App.1974); *Hull v. State*, 510 S.W.2d 358 (Tex.Cr.App.1974); *Rivas v. State*, 506 S.W.2d 233 (Tex.Cr.App.1974); *Buitron v. State*, 519 S.W.2d 467 (Tex.Cr.App.1975); *Keeble v. State*, 506 S.W.2d 897 (Tex.Cr. App.1974).