**Karry RODRIGUES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 12–81–0027–CR to 12–81–0029–CR.**

Court of Appeals of Texas,
Tyler.

March 29, 1982.

Rehearing Denied April 8, 1982.

Discretionary Review Refused
June 23, 1982.

Paul Tatum, Holt, Tatum & McCarver, Nacogdoches, for appellant.

Herbert Hancock, Dist. Atty., Nacogdoches, for appellee.

PER CURIAM.

This is an appeal from an order revoking probation. On July 6, 1981, appellant, Karry Martin Rodrigues, entered pleas of guilty to Burglary of a Habitation with Intent to Commit Theft (Cause No. 12 81 0027 CR); Delivery of Marihuana (Cause No. 12 81 0028 CR); and Aggravated Assault (Cause No. 12-81 0029 CR). Punishment was assessed at ten years in the Texas Department of Corrections, but the imposition of sentence was suspended and appellant was placed on ten years probation in each case.

On August 3, 1981, the State filed an Application for Revocation of Probation alleging that appellant had violated the terms of his probations by committing an offense against the laws of this State in that on or about the 31st day of July, 1981, he knowingly and intentionally possessed a usable quantity of marihuana of less than two ounces.

A hearing was held on the Application for Revocation on August 21, 1981. Appellant pled "not true" to the allegations. Following the presentation of evidence, the trial court found that the allegations were true and revoked the probation granted in all three cases. Appellant was duly sentenced to ten years in the Texas Department of Corrections in each case on September 22, 1981.

In his first ground of error, appellant contends the trial court abused its discretion in revoking his probation because the arrest, for the offense alleged in the Motion to Revoke, was illegal and without sufficient justification because the arresting officer utilized an alleged traffic violation as an excuse for the arrest.

Appellant was stopped while driving north on U.S. Highway 59 south of Nacogdoches. Trooper Coy L. Smith of the Texas Department of Public Safety was also traveling north on Highway 59. The officer's testimony states that as he approached the automobile that appellant was driving he observed the vehicle weaving back and forth in the north bound traffic lanes and driving off the road. The trooper drove his patrol within a car length of appellant's vehicle. The appellant appeared to be having difficulty driving the car, and the officer testified he thought appellant might be intoxicated. It was daylight at the time. As the trooper changed lanes and drove along side the appellant's vehicle, he observed the occupant in the back seat smoking what appeared to be a short hand-rolled cigarette. At this point during direct examination by Mr. Hancock, the testimony was as follows:

A At that time I moved into the right traffic lane, pulled up beside the orange colored station wagon to try to determine what the problem was with the driver.

Q What, if anything, did you observe at that time?

A At that time I noticed the passenger in the right back seat smoking a cigarette which he held in his hands.

Q Would you explain or go ahead and show the Judge.

A (Indicating) In this type manner, holding it to his mouth in this type manner. I noticed that immediately when I pulled up beside the orange colored station wagon.

Q What next did you observe?

A Okay. After he had taken a very long deep draw off of the cigarette, an unusually long,—

MR. TATUM: Judge,—

A —he handed it to the driver.

Later on voir dire by Mr. Tatum, the testimony continued as follows:

A As I was telling him he took a very long deep breath and held his head back and started to blow it out and handed it to Karry Martin Rodrigues, the driver.

Q All right. Now, you're still in another vehicle.

A Next to them.

Q All right. And at that point in time did you turn your lights on?

A No, sir.

Q All right. And at that point in time were you still parallel?

A Yes.

Q All right. And—Well, I'd assume obviously then everyone would have seen you, would they not?

A Apparently they did not.

Q Well, is there anything to prevent them for seeing you when you're right by them?

A I have no ideal [sic] what kind of vision they have.

Q I see. You don't know whether they're blind or they can see then, is that your testimony? You're shrugging your shoulders, no answer. I'd like to have something in the record.

A I was right beside them. If they noticed me I didn't—I wasn't aware of it because the next instance—

Q Now,—

A —the passenger—Are you asking me or—

Q Well, that's all right.

A I'm a little confused about—

THE COURT: He says he wants you to answer whatever you're about to say.

A Go ahead with what I was telling.

Q Go ahead.

A Okay. What I was saying was that as I was beside them and notice the passenger in the right back seat behaving the way that I described to you with the cigarette—

Q All right.

A —Karry Martin Rodrigues turned around in the seat and reached back and took whatever cigarette was from the passenger in the back seat, brought it to his lips started to smoke it, then noticed me, throwed it down and sped up.

Q All right. How fast did the vehicle go when it sped up?

A Approximately 60 to 65 miles an hour.

Q And what did you do then?

A Pulled in behind the vehicle and turned the red lights on.

The trooper began pulling the vehicle over to the side of the road. During the process of stopping the vehicle, the officer noticed the cigarette was thrown from the window on the passenger's side of the car. The officer noticed where it landed and was able to retrieve it after the car stopped. Also, the appellant held a pan outside of the driver's window and emptied its contents. The officer testified that a green leafy substance flew all over his windshield. As the officer approached the car, he noticed a "smoke type haze" in the car and the odor of burning marihuana emanating from both the car and the occupants. Appellant and

the two passengers were arrested for possession of marihuana.

■ Appellant contends the arrest was illegal in that it utilized an alleged traffic violation as an excuse for the "sham" arrest. Appellant cites *Hooper v. State*, 533 S.W.2d 762 (Tex.Cr.App.1976) in support of his contention. We do not agree and do not feel that *Hooper* is applicable here. We are of the opinion that it was reasonable under the circumstances presented for Officer Smith to stop the appellant. What the officer saw in plain view during such process, the marihuana cigarette, was clearly admissible and not obtained as a result of any search. See *Baity v. State*, 455 S.W.2d 305 (Tex.Cr.App.1970). Police officers are not required to turn their heads and ignore criminal conduct when it occurs before their eyes. A police officer may make an investigatory stop under appropriate circumstances even though the officer has no probable cause for the arrest on charges ultimately filed. An officer may have specific and articulable facts, based on his observations, which, in light of his experiences and general knowledge, reasonably warrant a stop. *Thompson v. State*, 533 S.W.2d 825 (Tex.Cr. App.1976); *Hernandez v. State*, 523 S.W.2d 410 (Tex.Cr.App.1975); *Borner v. State*, 521 S.W.2d 852 (Tex.Cr.App.1975); *Baity v. State, supra*. Ground of error number one is overruled.

■ In his second and third grounds of error, appellant contends respectively the trial court abused its discretion in revoking his probation because there was no evidence to sustain a revocation of probation or insufficient evidence to sustain a revocation of probation. We find that the trial court did not abuse its discretion and that there was sufficient evidence to revoke the appellant's probation.

Officer Smith testified he observed the appellant accept a burning cigarette with his hands and place it to his mouth and start to smoke it. There was testimony of only one burning cigarette inside the vehicle. Officer Smith saw it thrown from the passenger side of the car and noticed where it landed. The officer testified he noticed the odor of burning marihuana in the car and on the appellant. The chemist, John Beene, testified the cigarette was a marihuana cigarette.

■ The State must prove two elements to establish the unlawful possession of controlled substance: (1) that the accused exercised care, control, and management over the contraband, and (2) that the accused knew the matter possessed was contraband. *Pollan v. State*, 612 S.W.2d 594 (Tex.Cr. App.1981); *Dubry v. State*, 582 S.W.2d 841 (Tex.Cr.App.1979). We find the evidence sufficient to sustain the revocation of probation.

■ Appellant's fourth ground of error contends the trial court abused its discretion on revoking appellant's probation for the reason that the State failed to prove that the amount of marihuana found was a useable amount.

Again, the testimony at the revocation hearing by the chemist, John Beene, was that the cigarette was in fact marihuana. There was testimony that the cigarette, before being thrown out the window, was being smoked. See *Pelham v. State*, 164 Tex.Cr.R. 226, 298 S.W.2d 171 (1957). We find there was sufficient evidence to prove the amount was useable.

The judgment is affirmed.