Peter W. KWANT, Appellant,

v.

The STATE of Texas, Appellee.

No. 44218.

Court of Criminal Appeals of Texas.

Nov. 16, 1971.

Cameron M. Cunningham, of Simons, Cunningham & Coleman, Austin, for appellant.

Robert O. Smith, Dist. Atty., Philip Nelson, Jr., and Phoebe Lester, Asst. Dist. Attys., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for possession of marihuana, with punishment assessed at five years.

Appellant's plea of not guilty was entered and heard by the trial court after a jury had been waived. The appellant did not testify nor offer any defense.

Appellant contends that his motion to suppress the evidence because it was obtained incident to an unlawful arrest, was erroneously overruled by the trial court and that the evidence is not sufficient to support the conviction.

Howell, a narcotics agent for the Texas Department of Public Safety, had a conversation with a reliable informant. The informant had on prior occasions given the agent information concerning narcotics use and traffic, which had proved to be true and resulted in the recovery of narcotics.

The informer told the agent that on the preceding afternoon the informer had been in Apartment 106, located in an apartment complex in Austin. While in the apartment he saw three persons named Mayes,[1] Blade and Nectoux. They had in their possession about ninety pounds of marihuana and were dividing it up into paper sacks of about one pound each.

From about 3:00 P.M. until 11:00 P.M. that day, the 27th of April, 1970, the agent continued a surveillance of Apartment 106. He saw six or seven people visit the apartment, stay for about five minutes, and then leave with paper sacks. Some of the visitors were known to the agent to be users or dealers in narcotics and dangerous drugs. Howell recognized one of these persons to be the same person who another officer had informed him had a large amount of marihuana in town. The surveillance was commenced again the next day at about 3:00 P.M. by the same agent. Shortly thereafter, he saw two people arrive at the apartment on a motorcycle and soon leave with a brown paper bag. The agent relayed this information to Officer Blevin and Agent Prewitt, who arrested the two persons on the motorcycle. The brown paper bag, which they had, was found to contain marihuana.

Officer Imbert, who relieved Agent Howell on surveillance, was informed of what had transpired concerning the investigation of the apartment. Officer Imbert, at about 4:00 P.M., saw Mallory Mayes, a dealer in marihuana, ride up on a motorcycle. Mayes had told Imbert, while Imbert was doing undercover work, that he, Mayes, had received about 100 pounds of marihuana the preceding weekend. After riding around the vacant lot or field close by the apartment, Mayes got off and entered the apartment.

Shortly thereafter, a red Corvair drove up to the apartment. The officer recognized the driver, a juvenile known by the name of Scooter. Scooter had, prior to this time while the officer was working undercover, sold to Officer Imbert marihuana and hashish. The officer also recognized the appellant, who was with Scooter in the red Corvair. He had seen appellant at a hippie-type club on several occasions. The juvenile and appellant entered Apartment 106 empty-handed. Approximately five minutes later, they came out of the apartment. The juvenile was carrying what looked like brown paper bags. The juvenile handed the paper bags to the appellant when they reached the Corvair. The juvenile then opened the trunk of the Corvair and took the paper sacks from the appellant and placed them in the trunk. Both the appellant and the juvenile got into the red Corvair and drove away. The juvenile was driving and the appellant was seated on the passenger side.

Officer Imbert radioed fellow officers, telling them what he had observed, gave them a description of the vehicle, the license plate number and a description of both the appellant and the juvenile. He told them what direction they were headed and that he had purchased narcotics from Scooter on three prior occasions in the past two months.

Officer Imbert's radio message was received by Blevin and Prewitt. With the help of other officers, after some difficulty, they brought the red Corvair to a stop. Officer Blevin knew the juvenile because he had arrested him at an earlier time for the offense of using abusive language. It was necessary to use red lights and siren to stop the red Corvair. The officers took the appellant and the juvenile out of the car; they opened the trunk and

---

1. Mayes v. State, Tex.Cr.App., 472 S.W.2d 528 is a companion case.

retrieved the two paper sacks containing marihuana. One contained approximately two pounds of marihuana and the other contained approximately one pound. The officers also found some stems and marihuana seeds loose, scattered over the floorboard in the car.

A proper chain of custody of the material removed from the paper sacks was shown. Wayne Merritt, a chemist and toxicologist for the Texas Department of Public Safety, was qualified as an expert and testified that the material which was taken from the appellant and the juvenile was marihuana.

■ The facts and circumstances which have been recited are sufficient to show probable cause for the warrantless search of the automobile. The officers had reasonable grounds to believe that the occupied automobile contained and was transporting marihuana. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Scher v. United States, 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151 (1958); Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629 (1931); Capuchino v. State, Tex.Cr.App., 468 S.W.2d 379 (It was said: "Even if there had been no traffic violation, there was sufficient testimony for the trial court to conclude that the officers had probable cause to make the search"); Gutierrez v. State, Tex.Cr.App., 423 S.W. 2d 593 and cases there cited and Weeks v. State, Tex.Cr.App., 417 S.W.2d 716. Mottu v. State, Tex.Cr.App., 472 S.W.2d 522 and the cases therein cited.

■ The officers also had probable cause to make a warrantless arrest of the appellant either prior to or after the search of the automobile. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); Gonzales v. State, Tex.Cr.App., 467 S.W.2d 454; Garcia v. State, Tex.Cr. App., 459 S.W.2d 839 and Almendarez v. State, Tex.Cr.App., 460 S.W.2d 921.

■ We find the facts sufficient to support the finding of guilty made by the trial court as the trier of the facts and the judgment entered is supported by sufficient evidence. The evidence showed the appellant to have been in actual possession of the sacked marihuana. The momentary actual possession, under the facts of this case, is sufficient. See Sutton v. State, 170 Tex.Cr.R. 617, 343 S.W.2d 452. The evidence is also sufficient to show the appellant guilty of the offense as a principal or that he had a joint possession with the juvenile. Davila v. State, 169 Tex.Cr. R. 502, 335 S.W.2d 610; Ochoa v. State, Tex.Cr.App., 444 S.W.2d 763; Vela v. State, Tex.Cr.App., 365 S.W.2d 15; Rodriguez v. State, Tex.Cr.App., 373 S.W.2d 258 and Ellis v. State, Tex.Cr.App., 456 S.W.2d 398.

The appellant strenuously argues he was not shown to have knowledge that the sacks contained marihuana. There were loose marihuana stems and seeds on the floorboard of the car and from the other facts in evidence already recited, the trial court being the trier of facts, could conclude that there was a knowing possession by the appellant. See Davila v. State, supra; Vela v. State, supra; Rodriguez v. State, supra and Ochoa v. State, supra. We do not deem Culmore v. State, Tex. Cr.App., 447 S.W.2d 915, cited by the appellant, to be controlling under the facts and circumstances of this case. Dishman v. State, 460 S.W.2d 855, recently decided by the Tennessee Court of Criminal Appeals, also cited by the appellant, is not, in our opinion, contrary to our holding in this case.

■ The only remaining ground of error relied upon for reversal is that "The District Court Judge erred in failing to grant appellant's Motion to Quash because at the time of the indictment the co-defendant (named) was 15 years of age and had been processed as a juvenile."

The appellant's motion to quash and dismiss the indictment is in the record and attached thereto is a birth certificate. There was no proof made. The record does not reflect the disposition of the co-indictee's case. The court was merely asked to rule on the motion. The motion, which does not prove itself, was overruled. No error is shown. We are of the opinion that no error would have been shown had the record been perfected on this ground of error.

The judgment is affirmed.

Opinion approved by the Court.