**Johnny R. SALINAS, Appellant,**

v.

**The STATE of Texas, Appellee.**
**(two cases).**

**Nos. 44751, 44752.**

Court of Criminal Appeals of Texas.

March 22, 1972.

Rehearing Denied May 31, 1972.

Sam R. Gross, Joe P. Smyer, San Antonio, for appellant.

Ted Butler, Dist. Atty., Antonio G. Cantu, Asst. Dist. Atty., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

These are appeals from convictions for possession of heroin and possession of narcotic paraphernalia. Both causes were consolidated into one trial before the court. Punishment was assessed at ten years in each case.

In appellant's first four contentions, he complains that the evidence is insufficient to show that "he had a knowing possession" of either the heroin or the narcotic paraphernalia.

Officer Alonzo testified that on the morning of April 10, 1970, he was performing his duties on the fifth floor of the Bexar County Jail, when appellant handed him two packages of "Bugler" tobacco to be delivered to Isaias Lara, an inmate in another cell block on that floor.[1] When Alonzo took possession of the two packages of tobacco, he stated that they did not feel natural and he handed them to Officer Harvey, a jail guard on the fifth floor. Upon opening the "Bugler" packages, Harvey testified one of the packages contained two fingerstalls, one eye dropper, hypo needle, and small quantity of powder. Toxicologist Wilson, from the Bexar County Medical Examiner's Office, testified he found the powder to contain thirty-four per cent heroin and that the needle and the eye dropper had a trace of narcotic residue on them. He further identified the articles heretofore described as having been found in the "Bugler" package to be narcotic paraphernalia.

Officer DuBoise, the Operator of the jail commissary, testified that a commissary slip showing the name of the appellant on same reflected that twelve packages of "Bugler" were delivered to inmate Johnny Salinas (appellant) on the morning in question. Appellant testified he passed the tobacco packages but denied knowledge of the contents. Rogelio Gonzales, an inmate in the same cell block as appellant, testified that the tobacco was delivered to an inmate by the name of Macias who passed two packages to appellant, who in turn, gave same to Officer Alonzo.

In McGaskey v. State, 451 S.W.2d 486, this Court said, "Whether the marihuana found in the tobacco can in the glove compartment of the automobile was in the possession of the appellant was a question of fact to be determined by the jury from the evidence."

In the recent case of Kwant v. State, 472 S.W.2d 781, the accused contended that he was not shown to have actual knowledge that the sack contained marihuana. In Kwant, the accused held a brown paper bag found to contain marihuana while his companion opened the trunk of a car after which the accused returned the bag to his companion and they left together in the car. This Court said, "We find the facts sufficient to support the finding of guilty made by the trial court as the trier of the facts and the judgment entered is supported by sufficient evidence. The evidence showed the appellant to have been in actual possession of the sacked marihuana. The momentary actual possession, under the facts of this case, is sufficient." In the instant case, there is no dispute about appellant having actual possession of the tobacco package that contained the heroin and narcotic paraphernalia. There is evidence that appellant had received twelve packages of "Bugler" tobacco earlier that morning, the heroin and paraphernalia being found in a "Bugler" package passed from appellant to

1. The record reflects appellant pled guilty to possession of heroin on July 9, 1970 in another cause and received eight years. Officer Alonzo testified Isaias Lara was in jail for "possession of narcotics." Trial in the instant cases began September 9, 1970.

a jail guard. We find that there was sufficient evidence from which the trial court, as trier of the facts, could conclude that there was a knowing possession by appellant.

Appellant contends the court erred in admitting the commissary receipt into evidence, because the State failed to establish a proper predicate for its admission.

Officer DuBoise testified that he found order slips from only one Johnny Salinas and that inmate Macias (the prisoner to whom inmate Gonzales had testified the packages of Bugler were delivered) had no order slips for the date in question. While DuBoise testified that he could not of his own knowledge say that it was appellant's signature on the order slip, he stated that it was "very nearly" the same as others credited to appellant. When appellant objected to the admission of the order slip, the following occurred:

"The Court: The Court, as a trier of facts, can make the comparison.

"Mr. Smyer (Appellant's Attorney): The Defendant, on several occasions has signed instruments in this case that are pending.

"The Court: I will be glad to compare those."

We reject appellant's contention that a proper predicate was not laid for the admission of the order slip from the commissary, since the court, as trier of the facts, could make comparisons of appellant's signature on pleadings in the case and the signature on the order slip. Art. 38.27, Vernon's Ann.C.C.P.

Appellant contends that the court erred in admitting the narcotics and narcotic paraphernalia into evidence, since the officers had neither search warrant or probable cause.

The record reflects that it is customary to check or search materials passed between inmates in different cell blocks. The United States Supreme Court, in Lanza v. New York, 370 U.S. 139, 82 S.Ct. 1218, 8 L.Ed.2d 384, said:

"Yet, without attempting either to define or to predict the ultimate scope of Fourth Amendment protection, it is obvious that a jail shows none of the attributes of privacy of a home, an automobile, an office, or a hotel room. In prison, official surveillance has traditionally been the order of the day."

In Hayes v. United States, 367 F.2d 216 (10th Cir. 1966), the Court said:

" 'It is generally understood that a search and seizure may be made in connection with a lawful arrest . . . In this particular case the prisoner was already in custody and, therefore, no further arrest was necessary. An arrest presumes taking the prisoner into custody and there could be no arrest of a prisoner who is already in custody.' * * * In any event, we cannot see that there was error in admitting this letter in evidence. It was voluntarily written and handled in the usual course of the administration of the penitentiary."

To not allow an inspection of the contents of the package passed from one prisoner to another, under the circumstances of this case, would be to deprive prison officials of the security measures necessary to operate a penal institution. We perceive no error.

The judgments are affirmed.

Opinion approved by the Court.