# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-03-00186-CR

**Larry Wilborn, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. 2011913, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury found appellant Larry Wilborn guilty of possessing a controlled substance in an amount of less than one gram. Tex. Health & Safety Code Ann. § 481.115(a), (b) (West 2003). The court assessed punishment at imprisonment for two years. In his only point of error, Wilborn contends that the trial court erred in denying his motion for directed verdict. We will overrule this point of error and affirm.

On October 12, 2001, Austin Police Officer James Harvel stopped Wilborn because the license plate light on his green 1979 Pontiac was out. Officer Harvel informed Wilborn that his license plate light was out and that he would not receive a citation, but only a verbal warning. He then asked for Wilborn's driver's license and insurance. Officer Harvel returned to his patrol car and called the license in to the dispatcher. The dispatcher informed him that a warrant had been issued for Wilborn's arrest for failure to maintain financial responsibility and that Wilborn's license was

suspended. Officer Harvel then returned to Wilborn's car, asked him to step out, told him he was under arrest for driving with a suspended license, and placed him in handcuffs. Officer Harvel testified at trial that he had no problems with Wilborn in the arrest.

Officer Harvel searched Wilborn incident to the arrest and found a small metal container in Wilborn's front pant pocket. Officer Harvel testified at trial that he opened the container and found a small off-white rock that he believed to be cocaine, a brass key chain, and a pipe made from a broken piece of metal. The key chain had a compartment in which a small amount of Brillo was found.[1] Officer Harvel testified that Wilborn did not appear surprised by his discovery of the drugs and paraphernalia. Officer Harvel placed the off-white rock, key chain, and pipe in a plastic bag and delivered them to the police station. Subsequent testing by an Austin Police Department chemist revealed that the off-white rock was cocaine.

Wilborn argues that the trial court erred in denying his motion for directed verdict because the State did not prove he had knowledge of the contents of the metal container found in his pocket. Wilborn's contention that the trial court erred in denying his motion for directed verdict is in actuality a challenge to the legal sufficiency of the evidence. *See Madden v. State*, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990). In determining the legal sufficiency of the evidence to support

---

[1] Although it is not explained in the record, it appears that the witnesses were referring to a piece of a Brillo scouring pad. Crack cocaine is commonly smoked in a pipe using steel wool scouring pads such as Brillo as a filter. *See* A. Moettus & D. Tandberg, *Brillo Pad Crack Screen Aspiration and Ingestion*, 16 J. Emergency Medic. 861 (1998).

a criminal conviction, the question is whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 433 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). The jury as trier of fact is entitled to resolve any conflicts in the evidence to evaluate the credibility of witnesses, and to determine the weight to be given any particular evidence. *See Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). To prove possession of a controlled substance, the State must show that (1) the defendant exercised care, custody, control, or management over the substance, and (2) he knew the substance possessed was contraband. *See Martinets v. State*, 884 S.W.2d 185, 187 (Tex. App.—Austin 1994, no pet.). The evidence need not exclude every reasonable hypothesis other than the defendant's guilt, but it must show facts and circumstances that demonstrate the defendant's knowledge and control of the contraband. *See Brown v. State*, 911 S.W.2d 744, 748 (Tex. Crim. App. 1995).

It is undisputed that the crack cocaine was found in Wilborn's pant pocket. No evidence was presented at trial even suggesting that the container did not belong to Wilborn or that he otherwise lacked knowledge of the container's contents. The court of criminal appeals has repeatedly held that the actual possession of the contraband, either in a person's clothing or hands, is sufficient evidence for a jury to find knowledge and control. *See Frazier v. State*, 480 S.W.2d 375, 381 (Tex. Crim. App. 1972) (contraband in coat); *Salinas v. State*, 479 S.W.2d 913, 914-15 (Tex. Crim. App. 1972) (contraband in cigarette pack handed by defendant to jailor); *Kwant v. State*, 472 S.W.2d 781, 783 (Tex. Crim. App. 1971) (contraband in paper bag in defendant's hands). Because Wilborn was in actual, exclusive, physical possession of the cocaine, we hold that the evidence was

sufficient for a jury to conclude that he knowingly possessed a controlled substance.  We overrule

Wilborn's point of error and affirm the conviction.


_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed:   January 8, 2004

Do Not Publish

4