# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00189-CR

**Janet Broadus, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. 2020693, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Janet Broadus guilty of possessing a controlled substance in an amount of less than one gram. Tex. Health & Safety Code Ann. § 481.115(a), (b) (West 2003). The Court assessed punishment at imprisonment for one year. Broadus raises two issues on appeal: that the trial court erred in not giving the jury an instruction on an unlawful search and that the evidence is factually insufficient to support a conviction. We will affirm.

On the morning of February 22, 2002, Austin Police Officer Rodriguez was training Officer Flores about areas known to be "hot spots" for drugs, alcohol, and prostitution. As the officers drove to one such area, they witnessed a group of people standing near a convenience store. Officer Rodriguez saw a man in the group drinking beer from a can and a woman, Broadus, drinking out of a styrofoam cup. Rodriguez testified at trial that Broadus was holding two purses, one black and one silver. Recognizing that the public consumption of alcohol in the area was a criminal

violation, Officer Rodriguez walked up to the group while Officer Flores parked the patrol car. Officer Rodriguez testified that Broadus set down the styrofoam cup as he got out of the patrol car and that he saw beer in the cup when he approached her. Broadus appeared to be intoxicated on drugs. He asked for identification from Broadus and the man who was drinking beer from a can. Broadus did not have any identification, but gave the officer her name and date of birth. A warrant check was run and Officer Rodriguez discovered that there was an outstanding warrant for Broadus's arrest.

Officer Rodriguez arrested Broadus and, incident to the arrest, he searched the two purses she was carrying. He discovered a glass cylinder pipe and two syringes in the silver purse. One syringe was empty and the other contained a red colored liquid. A third syringe was later found in the silver purse at the jail. The drugs and paraphernalia were sealed in a zip lock bag and taken to the Austin Police Department. The styrofoam cup and purses were not collected as evidence. Testing by an Austin Police Department chemist revealed that the red colored liquid in the syringe contained .86 grams of cocaine. Officer Flores testified to substantially the same details at trial.

Broadus presented two witnesses at trial. Her mother testified that she dropped Broadus off at a nearby methadone clinic that morning and that Broadus abhors alcohol and suffers from a liver condition. Her sister also testified that Broadus does not drink beer and that she is repulsed by even the smell of alcohol. Neither witness was present at the time of the arrest. Broadus objected to the trial court's charge and requested an instruction to the jury regarding an unlawful search of Broadus's purse. The trial court denied Broadus's requested instruction and the jury convicted Broadus of possession of a controlled substance.

Broadus first contends that the trial court erred in denying her request for an instruction that the jury should disregard the state's evidence if it determined that the evidence was obtained illegally. *See* Tex. Code Crim. Proc. art. 38.23(a) (West Supp. 2004). In determining whether an article 38.23 jury instruction must be given, the only question is whether, under the facts of a particular case, an issue has been raised by the evidence so as to require a jury instruction. *Murphy v. State*, 640 S.W.2d 297, 299 (Tex. Crim. App. 1982). Where no such issue is raised by the evidence, the trial court acts properly in refusing a request to charge the jury. *Id*. Unless there is a factual dispute about how the evidence was obtained, courts are not required to give an article 38.23 instruction. *See Balentine v. State*, 71 S.W.3d 763, 773 (Tex. Crim. App. 2002); *Estrada v. State*, 30 S.W.3d 599, 605 (Tex. App.—Austin 2000, pet. ref'd).

Broadus contends that she was entitled to an article 38.32 instruction because the testimony that she did not drink alcohol raised an issue as to whether Officers Rodriguez and Flores had "probable cause" to detain and search. Essentially, Broadus argues that the jury was entitled to believe that she would not have been drinking beer and therefore the police did not have legal grounds to detain her and search her purse. The actual search of the purse was conducted after Broadus was arrested on the outstanding warrant. Therefore, we focus only on whether there was cause for the initial detention which led to the discovery of the outstanding warrant.

We first note that only reasonable suspicion of criminal activity, not probable cause, was necessary for the officers to detain Broadus for investigatory purposes. *See Ornelas v. United States*, 517 U.S. 690, 693 (1996); *Terry v. Ohio*, 392 U.S. 1, 27 (1968). "A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the

3

time." *Adams v. Williams*, 407 U.S. 143, 146 (1972). It is reasonable for a police officer to check for outstanding warrants during such a stop. *Davis v. State*, 947 S.W.2d 240, 245 n.6 (Tex. Crim. App. 1997); *Smith v. State*, 840 S.W.2d 689, 692 (Tex. App.—Fort Worth 1992, pet ref'd.) (citing *Petty v. State*, 696 S.W.2d 635, 639 (Tex. App.—Dallas 1985, no pet.); *see also United States v. Shabazz*, 993 F.2d 431, 436 (5th Cir. 1993). The stop must be justified by more than an inchoate and unparticularized suspicion or hunch. *See Terry*, 392 U.S. at 27; *Williams v. State*, 621 S.W.2d 609, 612 (Tex. Crim. App. 1981). There must be specific articulable facts in light of an officer's experience and personal knowledge, together with other inferences from those facts, which would reasonably warrant the detention and further investigation. *Woods v. State*, 956 S.W.2d 33, 35 (Tex. Crim. App. 1997); *Johnson v. State*, 658 S.W.2d 623, 626 (Tex. Crim. App. 1983).

Officers Rodriguez and Flores testified that they saw a man in the group drinking beer from a can and that Broadus was drinking from a styrofoam cup in an area where the consumption of alcohol was prohibited by law. Once the officers approached Broadus they saw what they believed to be beer in the cup. Rodriguez also identified the area as one known as a "hot spot" for alcohol, drugs, and prostitution. Viewing a person drinking beer in a place where public consumption of alcohol is illegal represents, at a minimum, reasonable suspicion for a stop. Broadus's distaste for beer, as reflected by the testimony of her mother and sister, could not have been known by Officers Rodriguez and Flores and therefore does not factor into an objective determination of whether the officers possessed reasonable suspicion for the stop. *Cf. Amores v. State*, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991) (facts and circumstances relevant to determination of probable cause must be known to officer). We find there was no evidence raising

a question as to the legality of the detention and investigation that led to Broadus's arrest. She was not entitled to an article 38.23 instruction. We overrule Broadus's first issue.

Broadus contends in her second issue that the evidence at trial was factually insufficient to show she knowingly possessed a controlled substance. In determining factual sufficiency, we view all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). The evidence may also be factually insufficient if the evidence in support of the existence of a vital fact, standing alone, is factually too weak to support it. *Goodman v. State*, 66 S.W.2d 283, 285 (Tex. Crim. App. 2001); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). In conducting a factual sufficiency review, we review the fact finder's weighing of the evidence and are authorized to disagree with the fact finder's determination. *See Clewis*, 922 S.W.2d at 133. However, appellate courts are not free to reweigh the evidence and set aside a jury verdict merely because the reviewing judges feel that a different result is more reasonable. *Id.* We employ appropriate deference to the jury's role as sole judge of the weight and credibility to be given to witness testimony. *Johnson*, 23 S.W.3d at 7.

To prove possession of a controlled substance, the State must show that (1) the defendant exercised care, custody, control, or management over the substance, and (2) she knew the substance possessed was contraband. *See Martinets v. State*, 884 S.W.2d 185, 187 (Tex. App.—Austin 1994, no pet.). The evidence need not exclude every reasonable hypothesis other than the defendant's guilt, but it must show facts and circumstances that demonstrate the defendant's

5

knowledge and control of the contraband. *See Brown v. State*, 911 S.W.2d 744, 748 (Tex. Crim. App. 1995).

Officers Rodriguez and Flores both testified that they saw Broadus holding the silver purse containing the cocaine. There was no evidence presented at trial that the silver purse did not belong to Broadus or that someone else had access to the purse. The court of criminal appeals has repeatedly held that the actual possession of the contraband, either in a person's clothing or hands, is sufficient evidence for a jury to find knowledge and control. *See Frazier v. State*, 480 S.W.2d 375, 381 (Tex. Crim. App. 1972) (contraband in coat); *Salinas v. State*, 479 S.W.2d 913, 914-15 (Tex. Crim. App. 1972) (contraband in cigarette pack handed by defendant to jailor); *Kwant v. State*, 472 S.W.2d 781, 783 (Tex. Crim. App. 1971) (contraband in paper bag in defendant's hands). Because Broadus was in actual, exclusive, physical possession of the cocaine at the time of her arrest, we hold that the evidence was factually sufficient for a jury to conclude that she knowingly possessed a controlled substance. We overrule Broadus's issues and affirm the conviction.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed:   January 8, 2004

Do Not Publish

6