

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00516-CR

TROY DON YATES                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                                 STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
### TRIAL COURT NO. CR12682

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

A jury found Appellant Troy Don Yates guilty of the offense of possession of less than one gram of methamphetamine and, after Yates pleaded true to two enhancement paragraphs, assessed his punishment at ten years' confinement. The trial court sentenced him accordingly. Yates raises two issues; one

---

[1]See Tex. R. App. P. 47.4.

challenges the sufficiency of the evidence to prove that he knowingly possessed the trace amount of methamphetamine found inside a baggie in his front pants pocket, and one claims that the trial court erred by denying his requested jury instruction on voluntariness. We will affirm.

## II. BACKGROUND FACTS

Granbury Police Officer Richard Branum was working the night shift and was canvassing a neighborhood known for drug houses; in front of one of the suspected drug houses, he observed a white pickup truck with an expired registration sticker. People were loading furniture into the truck. Later, as the white truck departed the neighborhood, Officer Branum stopped the truck based on the expired registration sticker and because the driver had failed to stop the truck before the stop line at a stop sign. The driver gave Officer Branum consent to search the vehicle, and Yates, the passenger, consented to a weapons frisk. While frisking Yates, Officer Branum felt a cigarette box in Yates's front pants pocket, and because Officer Branum knew that drugs often were hidden in such boxes, he asked Yates if he could remove the box from his pocket; Yates consented.

Officer Branum testified that he removed such items by pushing them up from the bottom to avoid being stabbed by needles, which had happened in the past when he had reached downward into a pocket. When Officer Branum pushed the box up out of Yates's pocket, Officer Branum saw a Ziploc baggie slide up near the top of the pocket along with the cigarette box; it contained "what

2

appeared to be some methamphetamine-type substance in it." Officer Branum asked Yates about the baggie, and Yates "made some remarks about his cell phone or money." Officer Branum requested Yates's permission to remove the baggie, and Yates consented.

Officer Branum arrested Yates. Subsequent testing confirmed that the substance in the baggie was methamphetamine; the amount was "less than 1/100th" of a gram.

### III. SUFFICIENCY OF THE EVIDENCE

In his first issue, Yates argues that there is no evidence that he knew the baggie was in his pocket, and alternatively, if he did know there was a baggie in his pocket, then there is no evidence that he knew it contained traces of methamphetamine. To prove unlawful possession of a controlled substance, the State must prove that (1) the accused exercised control, management, or care over the substance and (2) the accused knew the matter possessed was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *Black v. State*, 358 S.W.3d 823, 833 (Tex. App.—Fort Worth 2012, pet. ref'd). Yates does not dispute that he had control of the baggie or that it contained a visible, trace amount of methamphetamine; he argues that the evidence is insufficient to show he possessed the trace amount of methamphetamine knowingly.

In our sufficiency review, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have

3

found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Dobbs*, 434 S.W.3d at 170. Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. *Dobbs*, 434 S.W.3d at 170; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

Where, as here, the contraband is found in clothing worn by the accused, the State has established the first element of possession—that the accused exercised control, management, or care over the substance—by establishing the accused's exclusive custody of the substance. *See, e.g.*, *Poindexter*, 153 S.W.3d at 406 (explaining that additional affirmative-link analysis is required in sufficiency review when the "accused *is not in exclusive possession* of the place where the [controlled] substance is found") (emphasis added). But, even when contraband is found within an accused's exclusive possession, a fact question still exists for the jury as to whether the accused knowingly exercised this control, management, or care over the substance and knew the substance was contraband. *See, e.g.*, *Frazier v. State*, 480 S.W.2d 375, 381 (Tex. Crim. App. 1972) (evidence sufficient to support knowing possession when contraband found in defendant's coat pocket); *Salinas v. State*, 479 S.W.2d 913, 914–15

4

(Tex. Crim. App. 1972) (evidence sufficient to support knowing possession when contraband found in cigarette pack handed by defendant to jailer); *Kwant v. State*, 472 S.W.2d 781, 783 (Tex. Crim. App. 1971) (evidence sufficient to support knowing possession when contraband found in paper bag held by defendant); *Thomas v. State*, 208 S.W.3d 24, 25–27 (Tex. App.—Amarillo 2006, no pet.) (evidence sufficient to support knowing possession when contraband found in defendant's pants pocket).

To the extent that Yates contends in his first issue that he did not knowingly possess the baggie, the record before us contains no evidence supporting this contention.[2] *See Chambers v. State*, 711 S.W.2d 240, 245 (Tex. Crim. App. 1986) (op. on reh'g) (explaining that "the proper focus in reviewing sufficiency of the evidence is on what was introduced into evidence"). In the absence of evidence that Yates inadvertently exercised custody over the baggie

---

[2]In support of this argument, Yates relies on testimony that he presented to the trial court outside the presence of the jury in a bill of exceptions. The trial court refused to permit the jury to hear the bill-of-exceptions testimony, and Yates raises no complaint concerning this ruling on appeal. We note, however, that in his bill of exceptions, Yates elicited testimony from Officer Branum that Yates may have commented in the police car on the way to the police station that the baggie was wrapped in a dollar bill he had obtained at the house where he had been moving furniture. But the baggie was not wrapped in a dollar bill when it was removed from Yates's pants pocket, and no dollar bill was found in Yates's pants pocket with the baggie. Thus, even if Yates originally found the baggie wrapped in a dollar bill, at some point, he removed it from the dollar bill and placed it in his pocket, and this act defeats any inference of Yates's lack of knowledge concerning the baggie or of its visible contents that could be drawn from the bill-of-exceptions testimony.

and its contents, the evidence presented by the State that he exclusively exercised custody over it is sufficient to satisfy the first possession prong. *See Frazier*, 480 S.W.2d at 381; *Salinas*, 479 S.W.2d at 914–15; *Thomas*, 208 S.W.3d at 25–27.

To the extent that Yates asserts in his first issue that the trace amount of methamphetamine found in the baggie renders the evidence insufficient to support his conviction, the court of criminal appeals has held as follows:

> There is no requirement that one must possess a usable amount of a controlled substance in order to be convicted of unlawful possession of a controlled substance. Tex. Health & Safety Code Ann. § 481.002(38); Tex. Health & Safety Code Ann. § 481.115(a); *Johnson v. State,* 658 S.W.2d 623, 627 (Tex. Crim. App. 1983). There is also no requirement that the substance be visible to the naked eye.

*Joseph v. State*, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995). Because no minimum amount or weight of contraband is required to sustain a conviction for possession of that contraband, the evidence presented by the State that the baggie contained less than 1/100th of a gram of methamphetamine is sufficient to support Yates's conviction for possession of the amount of less than one gram of methamphetamine. *See Muckleroy v. State*, 206 S.W.3d 746, 748 (Tex. App.—Texarkana 2006, pet. ref'd).

To the extent that Yates's first issue argues that the trace amount of methamphetamine in the baggie renders the evidence insufficient because he could not have known of the small amount of the substance or that it was contraband, numerous cases have held that the visibility of the contraband—that

6

even if just a small amount is visible—is relevant to establishing that possession of that small amount was knowing. *See, e.g.*, *Joseph*, 897 S.W.2d at 376; *King v. State*, 895 S.W.2d 701, 704 (Tex. Crim. App. 1995) ("[T]he residue containing the cocaine was visible on the 'crack pipe.'"); *Johnson v. State*, No. 03-12-00006-CR, 2012 WL 1582236, at *9 (Tex. App.—Austin May 4, 2012, no pet.) (mem. op., not designated for publication) ("[W]hile the baggie [recovered from the defendant's wallet] contained only trace amounts of methamphetamine, it was enough to be visible."); *Contreras v. State*, Nos. 05-05-01442-CR, 05-05-01443-CR, 2006 WL 3505195, at *3 (Tex. App.—Dallas Dec. 6, 2006, no pet.) (mem. op., not designated for publication) ("And, a fact finder could reasonably infer the cocaine residue was visible . . . . Thus, we conclude the evidence supports an inference of guilty knowledge."); *cf. Campbell v. State*, 822 S.W.2d 776, 777–78 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd) (holding that the State failed to prove possession was knowing because, in large part, there was no testimony by the arresting officer or chemist that the cocaine residue was visible to the naked eye); *see generally Scott v. State,* 825 S.W.2d 521, 523 (Tex. App.—Dallas Feb. 20, 1992) (listing several cases wherein knowledge was supported because the substance was visible to the naked eye). Methamphetamine was visible in the baggie found in Yates's pocket; it was the presence of the methamphetamine in the baggie that attracted Officer Branum's attention. State's exhibit number six is a picture of the baggie, and the methamphetamine contents are clearly visible.

The jury heard Officer Branum's testimony of seeing the methamphetamine, and the jury saw the photograph of the baggie with the methamphetamine in it.

And finally, to the extent Yates's first issue recites circumstances, facts, or affirmative links that are not present in this case, we note that Yates was found in exclusive possession of the baggie and its contents, so the general affirmative-links sufficiency analysis is not applicable here; the facts and circumstances surrounding Yates's exclusive possession of the baggie and its contents are relevant only in analyzing whether the evidence establishes a knowing possession. *See, e.g.*, *King*, 895 S.W.2d at 704; *Muckleroy*, 206 S.W.3d at 748. And here, Yates was observed moving furniture at a house suspected by Officer Branum to be a drug house, Yates had a baggie containing visible methamphetamine residue in his front left pants pocket, and no evidence was admitted at trial indicating that Yates's custody of the baggie was inadvertent or indicating that Yates did not know the baggie contained methamphetamine.

In summary, viewing the admitted evidence establishing the facts set forth above in the light most favorable to the jury's verdict and giving full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts, we hold that a rational trier of fact could have found beyond a reasonable doubt that Yates knowingly possessed the trace amount of methamphetamine contained in the baggie found in his left front pants pocket. *See Jackson*, 443

8

U.S. at 319, 99 S. Ct. at 2789; *Dobbs*, 434 S.W.3d at 170; *King*, 895 S.W.2d at 704; *Muckleroy*, 206 S.W.3d at 748. We overrule Yates's first issue.

## IV. DENIED JURY INSTRUCTION

In his second issue, Yates argues that the trial court erred by denying the following requested jury instruction on voluntariness:

> A person commits an offense only if he voluntarily engages in conduct including an act or possession.
>
> Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control.
>
> Now if you believe that methamphetamine was found in the possession of the defendant, but you further believe, or have a reasonable doubt thereof, that the possession was not the voluntary act of the defendant or that the defendant was not aware of his control of the methamphetamine for a sufficient time to permit him to terminate his control, you will acquit the defendant and say by your verdict "Not Guilty."

The trial court denied the instruction but included the following abstract instruction: "With respect to the 'possession' charged, you are instructed that such possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control." The trial court also provided the following application paragraph:

> Before you would be warranted in convicting the defendant you must find from the evidence beyond a reasonable doubt that the exhibits introduced in evidence by the State are methamphetamine and you must also find beyond a reasonable doubt that the defendant voluntarily had the methamphetamine, if any, in his possession.

9

In essence, Yates complains that the trial court's application paragraph was not as well worded as his proposed application paragraph. He claims the trial court's language is "antiquated" and "confusing." In reviewing a jury charge, we first determine whether error occurred; if error did not occur, our analysis ends. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).[3] Yates complains that his requested application paragraph is better than the one actually used by the trial court because the trial court's did not quote verbatim the penal code language. But neither did Yates's; the provision in Yates's instruction that he claims is superior for tracking the statutory language—"[a] person commits an offense only if he voluntarily engages in conduct including an act or possession"—belongs in the abstract part of a charge rather than the application section. Yates does not challenge the trial court's abstract charge, which tracked section 6.01(b) of the penal code. *See* Tex. Penal Code Ann. § 6.01(b) (West 2011). The trial court's application paragraph was not erroneous for using application language, and Yates's requested instruction provided no differently. In fact, in comparing Yates's requested application paragraph to the trial court's application paragraph, we hold that the two, while stylistically different, are substantially the same. "Where a refused charge is substantially similar to the charge given, no error is shown." *Hernandez v. State*, 867 S.W.2d 900, 907

---

[3]If error occurred, whether it was preserved determines the degree of harm required for reversal. *Kirsch*, 357 S.W.3d at 649.

(Tex. App.—Texarkana 1993, no pet.). And the trial court's jury charge properly instructed the jury on the law applicable to the case. *See* Tex. Code Crim. Proc. Ann. art. 36.14 (West 2007); *Walters v. State*, 247 S.W.3d 204, 208 (Tex. Crim. App. 2007). We therefore hold that the trial court did not err by denying Yates's requested jury instruction on voluntariness, and we overrule Yates's second issue.

## V. CONCLUSION

Having overruled Yates's two issues, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: WALKER, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 9, 2015