

**NUMBER 13-13-00574-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

OSCAR PINEDA,                                                         **Appellant,**

**v.**

THE STATE OF TEXAS,                                            **Appellee.**

## On appeal from the County Court at Law No. 2
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria
Memorandum Opinion by Chief Justice Valdez**

A jury convicted appellant Oscar Pineda of the misdemeanor offenses of possession of a controlled substance (Hydrocodone) and possession of marihuana. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.121(b)(1), 481.117(b) (West, Westlaw through Ch. 46 2015 R.S.). By three issues, appellant contends the following: (1) the trial court erred in denying his motion to suppress; (2) the evidence was legally insufficient to

support the jury's finding of probable cause to arrest him; and (3) the evidence was legally insufficient to support the jury's finding that he knowingly possessed a controlled substance, namely Hydrocodone. We affirm.

## I. BACKGROUND

Appellant was arrested outside of a bar for public intoxication when police officers responded to a disturbance call. The arresting officer searched appellant incident to his arrest for public intoxication and found a marihuana cigarette and a pill—later determined to contain Hydrocodone—in his front right pant pocket. Appellant was charged with possessing marihuana and Hydrocodone. *See id.*

Prior to trial, appellant filed a motion to suppress the marihuana and the pill, alleging the police officer lacked probable cause to arrest him for public intoxication and therefore conducted an unreasonable search under the Fourth Amendment. The trial court held a hearing on appellant's motion to suppress. The State did not call any witnesses at this hearing and instead moved to admit the arresting officer's police report into evidence. The trial court admitted the police report into evidence over appellant's objection that the report contained testimonial hearsay and therefore violated his Sixth Amendment right to confront and cross-examine the arresting officer. Attached to the police report is the arresting officer's sworn probable cause statement, which contains the following narrative:

> On [October 26, 2012], I [arresting officer] was dispatched to [the bar] in reference to a disturbance in progress. Upon arrival, I was guided by bar patrons to the back patio of the bar. They pointed out [appellant] as one of the individuals involved in the disturbance. [Appellant] had a strong odor of alcoholic beverage emitting from his person, blood shot eyes and slurred speech. [Appellant] was unsteady on his feet. Due to [appellant's] condition, I believe[d] him to be a danger to himself and others. [Appellant] was arrested for public intoxication. Search incident to arrest, a marijuana

cigarette was located in [appellant's] front right pocket. Also in that pocket a pink oval pill with '3605 marking was located. The pill was checked on drugs.com pill identifier to be hydrocodone. [Appellant] could provide no prescription.

After the State rested, appellant called the bartender of the bar on the night of his arrest. The bartender's testimony was in conflict with the facts detailed in the police report. After considering the evidence admitted at the suppression hearing, the trial court denied appellant's motion to suppress.

The case proceeded to trial, during which the State called the arresting officer to testify to the facts of appellant's arrest. On cross examination, appellant asked the arresting officer questions regarding the propriety of the arrest. After both sides rested, the trial court specifically instructed the jury to disregard any evidence found on appellant if they believed that the arresting officer lacked probable cause to arrest him for public intoxication. The jury returned a verdict of guilty on both charges—possession of marihuana and possession of a controlled substance. This appeal followed.

## II.    MOTION TO SUPPRESS

By his first issue, appellant generally asserts that the trial court conducted the suppression hearing in error by admitting the police report into evidence in lieu of live testimony from the arresting officer. We construe appellant's first issue as involving three sub-issues, which we address separately below.

### 1. SUB-ISSUE ONE: TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 28.01 § 1(6)

By his first sub-issue, appellant argues that the trial court was not allowed to consider the police report because the arresting officer did not provide an affidavit attesting to the narrative set out in the report in violation of Texas Code of Criminal Procedure article 28.01 section 1(6). *See* TEX. CODE CRIM. PROC. ANN. art. 28.01, § 1(6)

3

(West, Westlaw through Ch. 46 2015 R.S.) Article 28.01 section 1(6) provides that when the trial court holds a hearing on a motion to suppress, "the court may determine the merits of said motion on [1] the motions themselves, or [2] upon opposing *affidavits*, or [3] upon oral testimony, subject to the discretion of the court [.]" *Id.* (emphasis added). However, our review of the probable cause statement (State's exhibit two) admitted into evidence at the suppression hearing reflects that the arresting officer did provide a sworn affidavit attesting to the facts stated in the police report. Nevertheless, in *Ford v. State*, the court of criminal appeals held that a trial court does not abuse its discretion under article 28.01 section 1(6) in deciding a motion to suppress based on an unsworn police report. 305 S.W.3d 530, 539–40 (Tex. Crim. App. 2009) (holding that a "trial court *may* conduct the [suppression] hearing based on motions, affidavits or testimony, but there is nothing in [article 28.01 section 1(6)] to indicate that it *must*") (emphasis in original). Thus, the trial court did not violate article 28.01 section 1(6) when it considered the police report in lieu of the arresting officer's live testimony.

### 2. SUB-ISSUE TWO: CONFRONTATION CLAUSE

By his second sub-issue, appellant argues that the trial court violated his right of confrontation under *Crawford v. Washington*, 541 U.S. 36 (2004) when it admitted the police report into evidence at the suppression hearing without affording him an opportunity to cross-examine the arresting officer at that hearing. In accordance with *Crawford*, "we must first determine whether the Confrontation Clause is implicated in this case before deciding if the constitutional guarantee was violated [.]" *See Woodall v. State*, 336 S.W.3d 634, 642 (Tex. Crim. App. 2011).

4

In *Crawford*, the United States Supreme Court held that the Confrontation Clause bars the admission of testimonial hearsay at trial unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. *Crawford*, 541 U.S. at 54. While the constitutional right recognized in *Crawford* clearly attaches at the time of trial, the Court did not indicate whether it intended the right to apply with equal force at a pretrial suppression hearing. Our research indicates that neither our Court[1] nor the court of criminal appeals[2] has directly decided whether the Confrontation Clause applies at a pretrial suppression hearing, and there appears to be a split of authority among the Texas intermediate courts on the issue.[3] While we acknowledge the disagreement among the Texas intermediate courts, we decline appellant's invitation to decide the

---

[1] *See Morales v. State*, 222 S.W.3d 134, 141 (Tex. App.—Corpus Christi 2006, no pet.) (finding no violation of the right to confrontation where appellant was given the opportunity to submit written interrogatories to an unavailable child-complainant under a statutorily authorized procedure); *Vasquez v. State*, No. 13-13-00136-CR, 2014 WL 4795003, at *1 (Tex. App.—Corpus Christi Sept. 25, 2014, no pet.) (mem. op., not designated for publication) (holding that appellant failed to preserve his complaint that the absence of live testimony at the suppression hearing violated his confrontation rights where he failed to object on that ground, and further observing—albeit in dicta—that even had appellant objected on that ground, the complaint lacked merit because article 28.01 section 1(6) allows a trial court to decide a suppression motion without hearing live testimony).

[2] *See Ford v. State*, 305 S.W.3d 530, 541 (Tex. Crim. App. 2009) (coming close to resolving the issue—and arguably resolving the issue by implication against appellant—but ultimately reversing the judgment of the court of appeals under Texas Code of Criminal Procedure article 28.01 section 1(6) and affirming the judgment of the trial court).

[3] *Compare Vanmeter v. State*, 165 S.W.3d 68, 74–75 (Tex. App.—Dallas 2005, pet. ref'd) (holding that the right of confrontation is a trial right, not a pretrial right, and therefore does not apply at a pretrial suppression hearing), and *Graves v. State*, 307 S.W.3d 483, 489 (Tex. App.—Texarkana 2010, pet. ref'd) (same), *with Curry v. State*, 228 S.W.3d 292, 298 (Tex. App.—Waco 2007, pet. ref'd) (holding that the right of confrontation extends to pretrial suppression hearings), and *Kuhn v. State*, No. 04-08-00927-CR, 2009 WL 2878110, at *3 (Tex. App.—San Antonio Sept. 9, 2009, no pet.) (mem. op., not designated for publication) (assuming that the admission of a 911 tape at the suppression hearing violated appellant's right of confrontation, but finding any error in its admission at the suppression hearing harmless beyond a reasonable doubt); *Whitfield v. State*, No. 07-14-00086-CR, 2015 WL 1612101, at *2 (Tex. App.—Amarillo Apr. 9, 2015, pet. ref'd) (mem. op., not designated for publication) (recognizing that the issue of whether the Confrontation Clause applies to a pre-trial suppression hearing is still subject to debate). We also note that many other jurisdictions outside Texas have held that the Confrontation Clause does not apply to preliminary hearings. *See People v. Felder*, 129 P.3d 1072 (Colo. Ct. App. 2005); *Gresham v. Edwards*, 281 Ga. 881, 644 S.E.2d 122 (2007); *State v. Rivera*, 144 N.M. 836, 192 P.3d 1213 (2008); *Sheriff v. Witzenburg*, 122 Nev. 1056, 145 P.3d 1002 (2006); *State v. Woinarowicz*, 720 N.W.2d 635 (N.D. 2006).

question for our Court today because appellant cross examined the arresting officer at trial regarding the propriety of his arrest and thereby mooted the issue.

In reviewing a trial court's ruling on a motion to suppress, we generally may consider only evidence presented at the pretrial suppression hearing. *See Rachal v. State*, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996). But when the parties consensually re-litigate the suppression issue at trial, our review of the evidence is not limited to the evidence adduced at the suppression hearing but also includes the relevant testimony and evidence admitted at trial. *Id.* Here, we find that appellant fully re-litigated the suppression issue at trial because appellant cross examined the arresting officer regarding the propriety of the arrest, and the trial court instructed the jury that it could not consider any evidence found on appellant if the officer lacked probable cause to arrest him for public intoxication. Because appellant re-litigated the suppression issue at trial, our review of the suppression evidence is not limited to the police report that appellant argues was admitted in error at the suppression hearing under *Crawford*, but also includes the arresting officer's trial testimony regarding the propriety of the arrest. *See Turrubiate v. State*, 399 S.W.3d 147, 150–51 (Tex. Crim. App. 2013). Considering our expanded review of the suppression evidence, we conclude that appellant's subsequent cross examination of the arresting officer at trial regarding the propriety of appellant's arrest effectively mooted any complaint about the failure of the arresting officer to testify at the suppression hearing under *Crawford*.

In the alternative, assuming without deciding that admitting the police report violated appellant's right to cross examine the arresting officer at the suppression hearing, we conclude that the error was harmless beyond a reasonable doubt because appellant

cross examined the arresting officer at trial on the suppression issue. *See* TEX. R. APP. P. 44.(2)(a); *see also Mosley v. State*, 983 S.W.2d 249, 258 (Tex. Crim. App. 1998) (finding, in context of constitutional error, that the exclusion of testimony is harmless where the same testimony is later admitted at trial); *Baldree v. State*, 248 S.W.3d 224 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding that, although the trial court violated the confrontation clause by not allowing the defendant to cross-examine the officer with his prior inconsistent statement, the violation was harmless where the same statement was later presented to the jury).

### 3. SUB-ISSUE THREE: LIVE TESTIMONY

By his third sub-issue, appellant argues that the trial court abused its discretion in finding that the arresting officer had probable cause to arrest him for public intoxication because the trial court heard no live testimony from the arresting officer at the suppression hearing. However, as previously mentioned, a trial court does not abuse its discretion in deciding to hear a motion to suppress without live testimony. *See Ford*, 305 S.W.3d at 539–40. For these reasons, we overrule appellant's first issue.

## III. LEGAL SUFFICIENCY

By his second and third issues, appellant challenges the legal sufficiency of the evidence to support the following two findings of the jury: (1) the arresting officer had probable cause to arrest appellant for public intoxication; and (2) appellant knowingly possessed Hydrocodone that weighed less than twenty-eight grams.

### A. STANDARD OF REVIEW

We conduct our legal sufficiency review by applying the *Jackson v. Virginia* standard of review. *See Brooks v. State*, 323 S.W.3d 893, 906 (Tex. Crim. App. 2010)

7

(plurality op.). Under this standard, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks*, 323 S.W.3d at 902 n.19. The jury is the "exclusive judge of the credibility of witnesses and of the weight to be given testimony, and it is also the exclusive province of the jury to reconcile conflicts in the evidence." *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The standard for reviewing the sufficiency of the evidence is the same for both direct and circumstantial evidence. *Kutzner v. State*, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

Sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge is one that "sets out the law, is authorized by the indictment, does not unnecessarily increase the state's burden of proof or unnecessarily restrict the state's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

### B. PROBABLE CAUSE TO ARREST

By his second issue, appellant challenges the sufficiency of the evidence to support the jury's finding that the arresting officer had probable cause to arrest him for public intoxication. However, a legal sufficiency review is only appropriate regarding the State's proof of the elements of the offense, not the jury's implied finding of facts supporting probable cause to arrest. *See Hanks v. State*, 137 S.W.3d 668, 672 (Tex. Crim. App. 2004); *see also Malik*, 953 S.W.2d at 240. To convict appellant of the charged offenses, the State was required to prove that he intentionally or knowingly possessed a

8

specified quantity of marihuana and Hydrocodone. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.121, 481.117. The presence or absence of probable cause to arrest appellant for public intoxication is not an element of these offenses. *See id.*; *Hanks*, 137 S.W.3d at 671 (holding that whether or not evidence is illegally obtained is not an element of the offense and therefore not subject to a sufficiency review). Because appellant does not address the evidence supporting the elements of the offenses, there is nothing left to address as to the sufficiency challenge raised in his second issue. We overrule appellant's second issue.

### C. POSSESSION OF HYDROCODONE

By his third issue, appellant challenges the sufficiency of the evidence to support his conviction for possession of a controlled substance. Specifically, appellant contends that the State failed to prove (1) that he knowingly possessed a controlled substance; and (2) that the pill he allegedly possessed contained Hydrocodone. We address each sufficiency challenge separately below.

#### 1. POSSESSION

To prove possession of a controlled substance, "the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband." *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. *See* TEX. PENAL CODE ANN. § 6.03(b) (West, Westlaw through Ch. 46 2015 R.S.). Knowledge may be inferred from the

person's acts, words, and conduct.  *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002).

Here, the arresting officer testified that he recovered the pill from appellant's front right pant pocket.  The court of criminal appeals has repeatedly held that there is sufficient evidence for a jury to find that the accused has knowledge of and control over contraband when it is found in his hands or clothing.  *See Frazier v. State*, 480 S.W.2d 375, 381 (Tex. Crim. App. 1972) (contraband in coat); *Salinas v. State*, 479 S.W.2d 913, 914–15 (Tex. Crim. App. 1972) (contraband in cigarette pack handed by defendant to jailor); *Kwant v. State*, 472 S.W.2d 781, 783 (Tex. Crim. App. 1971) (contraband in paper bag in defendant's hands).  Furthermore, appellant admitted at trial that he knew the pill required a prescription because a doctor prescribed it to his wife.  Viewing the evidence in the light most favorable to the prosecution, we hold that the evidence was legally sufficient for a rational jury to conclude that appellant knowingly possessed a controlled substance because he exclusively possessed a pill that he knew could not be obtained without a prescription.[4]  *See Brooks*, 323 S.W.3d at 902 n.19.

### 2. HYDROCODONE

Appellant also contends that the State failed to prove that the pill he possessed actually contained Hydrocodone in an amount proscribed by the law.  Under a hypothetically correct jury charge, the State was required to prove that the pill contained less than fifteen milligrams of Hydrocodone, and that the pill's aggregate weight, including

---

[4] Appellant testified at trial that the arresting officer found the pill somewhere inside his car and not inside his clothing.  However, the jury was the sole judge of appellant's credibility and could choose to believe or disbelieve all or any part of his testimony.  *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008).  In this case, the jury apparently chose to believe the arresting officer's testimony that appellant possessed the pill in his pocket and to disbelieve appellant's testimony to the contrary.

adulterants or dilutants, was less than twenty-eight grams. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.104(a)(4), 481.117(b); *see also Melton v. State*, 120 S.W.3d 339, 344 (Tex. Crim. App. 2003). Here, the drug-evidence custodian called by the State testified that he determined the chemical composition and weight of the pill by using the website "Drugs.com." Specifically, the evidence custodian testified as follows, which drew no objection from appellant:

> When it comes to pharmaceutical pills, we utilize an online pharmaceutical drug site called Drugs.com. We punch in the imprint codes of the pill and in this particular case the imprint code was V on one side and 3605 on the other. I punched that number into the computer system and the online reference identified it as Acetaminophen, 325 milligrams and Hydrocodone [], 7.5 milligrams. That pill also had an approximate weight of 0.40 grams. And the site also provides me with a picture of that exact same pill.

Thus, the jury heard evidence that the pill weighed less than twenty eight grams and contained 7.5 milligrams of Hydrocodone based on the alphanumeric code engraved on the pill itself, according to Drugs.com. *Compare Manning v. State*, 637 S.W.2d 941, 943 (Tex. Crim. App. 1982) (concluding that the State failed to prove that the pills at issue contained phenmetrazine, a controlled substance, where the pills were not described by markings, if any, which appeared on the pill, or shape, but instead only by color); *with Shaffer v. State*, 184 S.W.3d 353, 361 (Tex. App.—Fort Worth 2006, pet. ref'd) (holding that the evidence was legally sufficient to prove that the sealed cold medicine packages at issue contained pseudoephedrine, a controlled substance, where the packages introduced by the State included labeling indicating its contents contained pseudoephedrine). Furthermore, the evidence custodian testified that Drugs.com is a reliable source to identify drugs and that, to his knowledge, the website had not misidentified a drug in the previous six years. The jury was free to judge the evidence

custodian's credibility as well as the strength of the evidence. *See Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).

Viewed in the light most favorable to the verdict, we hold that this evidence was legally sufficient to prove the contents of the pill and therefore established the identity of the illegal substance, and its prohibited quantity, for the jury.[5] *See Brooks*, 323 S.W.3d at 902 n.19. We overrule appellant's third issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.

/s/ Rogelio Valdez
ROGELIO VALDEZ,
Chief Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
10th day of September, 2015.

---

[5] Appellant argues that the State failed to prove that he possessed less than fifteen milligrams of Hydrocodone because a drug recognition expert did not test the pill to confirm its weight and chemical composition. However, appellant cites no authority, and we find none, indicating that a conviction for possession of Hydrocodone cannot stand without the testimony of a drug recognition expert.